SAMUEL L. MILLER, an Infant, etc., Respondent, *v.* RICHARD WOODHEAD, Appellant.

Defendant leased to a Mrs. O'B. three rooms in a house, the windows of which overlook the flat roof of an extension. The lessee had a right to use the roof for the purpose of hanging out and drying clothes, but defendant cautioned her not to let children go on the roof, and she had never allowed them to go there. In this roof near one of the windows was a skylight. Plaintiff, an infant about three years old, whose mother, accompanied by him, had called on Mrs. O'B., fell out of the window, down through the skylight and was injured. There had been formerly a thin wire screen over the skylight to protect the glass, but it had become old and rotten and was removed about six weeks prior to the accident and had not been replaced. In an action to recover damages for the injury, *held*, that defendant had violated no duty which he owed to plaintiff and was not liable; that the latter could not take advantage of the violation, if any, of a duty plaintiff owed to Mrs. O'B., unless at the time of the accident he was in someway connected with her, *i. e.*, carrying out some right which she herself had.

(Argued January 31, 1887; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 8, 1885, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The material facts are set forth in the opinion.

*Henry P. Starbuck* for appellant. As the defendant did not, directly or indirectly, invite or entice the plaintiff to go out upon the roof, he owed no duty to the plaintiff upon that or

any other ground to cover the skylight for the plaintiff's pro-
tection. (*McAlpin* v. *Powell*, 70 N. Y. 126.) A duty to
use care owed to one person does not operate in favor of
another person. (*Larmore* v. *Crown Point Iron Co.*, 101 N.
Y 391; *Burke* v. *De Castro*, 11 Hun, 354; *Victory* v. *Baker*,
67 N. Y. 366; *McAlpin* v *Powell*, 70 id. 126, 130; *Nicholson*
v. *E. R. Co.*, 41 id. 525; *Sutton* v. *N. Y. & P R. R. Co.*,
66 id. 243.) The fact that the roof was under the windows
did not, under the circumstances, oblige defendant to keep it
in safe condition for people to fall upon. (*McAlpin* v. *Powell*,
70 N. Y 126–131; *Beck* v. *Carter*, 68 id. 283; *Camp* v.
*Wood*, 76 id. 92; *Edwards* v. *N. Y. C. & H. R. R. R. Co.*, 98
N. Y 245, 258.) Absence of contributory negligence must be
shown by the plaintiff by a preponderance of proof. (*Button*
v. *H. R. R. R. Co.*, 18 N. Y. 248; *Hart* v. *H. R. B. Co.*, 84
id, 56; *Warner* v. *N. Y C. R. R Co.*, 44 id. 465; *Reynolds*
v. *N Y. C. & H. R. R R. Co.*, 58 id. 248; *Cordell* v. *N. Y.
C. & H. R. R. R. Co.*, 75 id. 330; *Riceman* v. *Havemeyer*,
84 id. 647; *Becht* v. *Corbin*, 92 id. 658; *Mangam* v. *B. R.
R. Co.*, 38 id. 455; *Ihl* v. *Forty-second St. R. R. Co.*, 47 id.
317; *McGarry* v. *Loomis*, 63 id. 104; *Fallon* v. *C. P. N.
& E. R. R. Co.*, 64 id. 13; *Hartfield* v *Roper*, 21 Wend.
615; *Birckett* v. *Knick. Ice Co.*, 41 Hun, 404; *Totten* v.
*Phipps*, 52 N. Y. 354, 358.) Plaintiff has furnished no ground
for an inference that he was not negligent, and if the question
was as to his negligence only, the complaint should have been
dismissed for this reason. (*Reynolds* v. *N. Y. C. & H. R.
R. R. Co.*, 58 N. Y. 248; *Cordell* v *N. Y. C. & H. R. R.
R. Co.*, 75 id. 380; *Riceman* v. *Havemeyer*, 84 id. 647.)
Plaintiff's custodians are not shown to have been free from
negligence. (*Fallon* v. *C. P. N. & E. R. R. Co.*, 64 N. Y. 13.)

*J. Gray Boyd* for respondent. It was the duty of the
defendant, after he caused the repairs to be made to the sky-
light, to see that the roof was left in a safe condition for the
use for which he had let it to his tenant, Mrs. O'Brien, and
that gave her the right to go upon it for the purpose of hang-

ing out clothes. (*Castle* v. *Duryea*, 32 Barb. 480; 2 Marsh. 277.) That it was dangerous to the lives and persons of others who might lawfully be upon the premises, as visitors or otherwise, in the apartments of Mrs. O'Brien, owing to the close proximity of the skylight to her window-sill, is clearly shown in the case of the plaintiff; and the defendant, by reason of his negligence, is liable to the plaintiff for his injuries received, irrespective of whether there existed any privity between them or not. (*Burke* v. *De Castro*, 5 N. Y. Week. Dig. 239; *Cesar* v. *Karutz*, 60 N. Y. 229; *Barney* v. *Burnsteinbinder*, 64 Barb. 412; *Pickhard* v. *Collins*, 23 id. 445; *Robbins* v. *Mount*, 4 Rob. 553; *Fire Dept.* v. *Williamson*, 16 Abb. Pr. 402.) The question of contributory negligence is not to be applied inflexibly, and in all cases, without regard to age or other circumstances. (*Fallon* v. *C. P. N. & E. R. R. Co.*, 64 N. Y. 13; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 417.) It was not negligent, *per se*, on the part of plaintiff, an infant of three years of age, to proceed to the window on entering the apartments of Mrs. O'Brien. (*Hammock* v. *White*, 11 C. B. [N. S.] 588; *Prendegast* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 652; *Hays* v. *Miller*, 70 id. 112.) The plaintiff, at the time of his injury, being plainly *non sui juris*, no personal negligence could be imputed to him, and his conduct presented no bar to a recovery and was properly submitted to the jury. (*Hays* v. *Miller*, 70 N. Y. 112; *Schwier* v. *N. Y. C. R. R. Co.*, 15 Hun, 572; *Prendegast* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 652; *Ihl* v. *Forty-second St. R. R. Co.*, 47 id. 317; *Miller* v. *McClosky*, 1 Code Civ. Pro. 252; *Fallon* v. *Central Pk., N. & E. R. R. Co.*, 64 N. Y. 13.) The same critical rule of contributory negligence does not apply to all persons of immature judgment and incomplete experience, as is made to control the conduct of adults. (*Nelson* v. *Liverpool Brewing Co.*, 5 N. Y. Week. Dig. 251; *Kay* v *Penn. R. R. Co.*, 65 Penn. 269, 276; *Lynch* v. *Nurdin*, 1 A. & E. [N. S.] 330; 41 Eng. C. L. 442; *Burger* v. *Gardner*, 19 Conn. 507,

512; *Clark* v. *Chambers*, 2 Q. B. L. R. 327; *O'Marro* v. *H. R. R. R. Co.*, 38 N. Y. 445; *Mowrey* v. *Cent. City R. R. Co.*, 51 id. 666; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 248; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 417; *Penn. R. R. Co.* v. *Kelly*, 31 Penn. 372; *Miller* v. *McClosky*, 1 Code of Civ Pro. 250.) The fact that defendant left the skylight in a dangerous condition for a period of six weeks renders him liable to the plaintiff, for the reason that he failed to secure it after a reasonable time has elapsed, and the negligence thereby became his own, and was properly submitted to the jury. (*Harrison* v. *Collins*, 6 N. Y. Week. Dig. 383.)

PECKHAM, J. The defendant was the owner of a house in Thirty-third street, New York, some rooms in which he had rented to a Mrs. O'Brien, who was the step-mother of the plaintiff's mother, the plaintiff being an infant of about the age of three years. Mrs. O'Brien had three rooms in the rear of the house, overlooking an extension thereof, which was covered with a tin roof, and in which there was a skylight to give light to a saloon situated in such extension. Mrs. O'Brien had leased the right to use this roof for the purpose of hanging out and drying her clothes, and when she rented the rooms the defendant had cautioned her about not letting children out on the roof, because the ceiling was very bad, and she had never allowed them to go there. This tin roof was about a foot below the windows of Mrs. O'Brien's rooms, which looked out on it. About sixteen or eighteen inches from the wall in which the windows were set the skylight in question was situated, so it was about a foot below the windows and sixteen inches away from the wall. The skylight had panes of glass in it, and there had been a wire screen over the glass, made of long and small wires, very thin and in bad condition, old and rotten. This screen had been taken off the skylight some six weeks prior to the accident, and at the time of its occurrence had not been replaced. The glass in the skylight would have been very likely broken, if not covered,

as the boys used to climb up a ladder and play ball about there.

The sill of the windows, from the floor inside, was about twenty-three inches, and in order to go out on the roof, from the rooms occupied by Mrs. O'Brien, it was necessary to raise the window and crawl through the lower part of it. The permission given by the defendant was to Mrs. O'Brien to go out on the roof and dry her clothes there. There were no bars on the window, and if there had been she says she would not have taken the premises.

On the day in question the mother of plaintiff, with a babe in her arms, and accompanied by plaintiff, called at Mrs. O'Brien's, and as they went in the room plaintiff's mother started to put the babe on a bed, in the bed-room off the kitchen, and was gone but a few seconds when Mrs. O'Brien saw the plaintiff, who had gone to the window, tumbling out. She caught sight of him just as he was disappearing. He fell through the skylight and sustained injuries to his head, etc., for which he brought this action. Mrs. O'Brien gave it, as her opinion, "that if the wire had been on it had been all right for the boy."

From her own description it is perfectly obvious the wire screen was not placed there to catch people or prevent their falling through the skylight, but for the purpose of saving the glass in the skylight.

The plaintiff recovered a verdict, which has been affirmed at the General Term, and the defendant appeals here.

Upon the case, as made by the plaintiff, we are unable to see that any proof was given of the violation of any duty which the defendant owed to the plaintiff.

The roof over the saloon or the skylight therein was not a dangerous structure, and defendant had given no invitation and issued no license, expressed or implied, to plaintiff to go upon the roof. Mrs. O'Brien had the right to go on it for the purpose suggested, and very likely any agent or servant of hers engaged in that occupation for her. This is no such case. If there had been no roof at this place the plaintiff

would, on falling out of the window, have come to the ground. Can it be contended in such case the defendant would have been liable? If not how is his liability increased by the fact that there is a roof just below these windows, but in it there is a skylight which a child's weight could break? If the defendant owes no duty in the one case to build a roof or a wall or any other structure under these windows to catch people who fall out of them, how is his liability increased when he does build a structure with a roof but which does not absolutely prevent one from falling through it because of a skylight?

But the liability seems to have been placed in the court below upon the duty which it is said the defendant owed Mrs. O'Brien to furnish her a reasonably safe roof when he let her the right to go upon it to dry clothes. If that be assumed we do not see how plaintiff is aided. Mrs. O'Brien was not injured, nor any of her servants by reason of the unfitness of the roof for the purpose for which it was to be used by her or them. The plaintiff was not injured while he was using the roof at all. He simply fell out of a window (as the evidence shows beyond all question), and thus received his injury. What had the liability (whatever it was) of defendant to Mrs. O'Brien to do with this question between plaintiff and himself, as the plaintiff was not using the roof for any purpose whatever? Conceding that to fulfill his obligations to Mrs. O'Brien and to render the roof fit for her to use for the purpose spoken of, this wire screen was a necessity, and that if it had been there on this occasion the plaintiff would not have been hurt, still there was no duty owing by him to this plaintiff to have the roof in that condition, so that he could be caught when he fell out of the window and the injury thus be averted. The duty of defendant to Mrs. O'Brien, in order to fulfill his contract with her in granting her permission to use the roof is one thing, but the plaintiff cannot take advantage even of its violation unless at the time when the accident happened he was himself in some way connected with her, as in the performance of the duty for her, or in using the roof with her

license (even if that would raise a duty) and in carrying out some right which she had herself.

This case has none of these features.   The duty of defendant may be one thing to Mrs. O'Brien and quite another to the plaintiff.   (*Larmore* v. *Crown Point Iron Co.* (101 N. Y. 391.)

We think this case not distinguishable in principle from *McAlpin* v. *Powell* (70 N. Y. 126).

The judgment of the General Term and of the Circuit should be reversed and a new trial ordered, costs to abide event.

All concur.

Judgment reversed.