JOSEPH MARTIN, as Executor, etc., Respondent, v. JOHN PETTIT, Appellant.

To authorize the submission of the question of liability to a jury in an action for negligence, the evidence must fix or tend to fix upon defendant some personal fault or its equivalent.

In such an action the following facts undisputedly appeared: Defendant was the owner of a building in the city of New York which covered a block; around it was an open area separating it from the streets; a flight of steps led from the sidewalk into the area and cellar; the cellar was rented to a tenant who was in possession; the lease reserved to defendant no right to use that part of the premises or the steps. Defendant -had furnished and put over the opening an iron grating extending from the upper step to the wall of the building, and in order to gain access to the cellar this grating had to be lifted up and removed. A watchman was employed by defendant to watch the outside of the building, who was instructed to see that this grating was in place. On the morning in question this grating had been securely in place, but after the watchman had passed it and while he was making his round some one removed it and W., plaintiff's testator, who was passing, fell down the steps and was injured. *Held*, that the evidence disclosed no actionable negligence on the part of defendant and a refusal to nonsuit was error; that he could not be made liable for the consequences of the wanton or careless act of a person not in his employ.
*Wasson* v. *Pettit* (49 Hun, 166) reversed.

(Argued October 14, 1889; decided November 1, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of May, 1888, which affirmed a judgment in favor of Elias Wasson, the original plaintiff and the present plaintiff's testator, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been caused by negligence on the part of said Elias Wasson, who died pending the appeal to this court.

The facts, so far as material, are stated in the opinion.

*Treadwell Cleveland* for appellant. Even if the plaintiff proves that the cellar-way in question was a nuisance, he still

cannot maintain his case unless he also proves affirmatively :
First, that the defendant was guilty of actual negligence, and
that such negligence was the proximate cause of the accident ;
and, secondly, that he, the plaintiff, was not himself negligent
in the premises. (*Nolan* v. *King*, 97 N. Y. 565 ; *Cottrell* v.
*Dimick*, 1 N. Y. S. R. 304.) *Prima facie*, where a landlord
has leased certain premises, and has surrendered possession of
them to his tenant in a safe condition, the landlord is not
bound, in the absence of a covenant to repair, to see that the
premises remain in safe condition ; and if, during the tenancy,
they are negligently allowed by the tenant to become unsafe,
the landlord is not liable for the results of such negligence
(*Wolf* v. *Kilpatrick*, 101 N. Y. 146 ; *Woram* v. *Noble*,
41 Hun, 398.) . Assuming, however, that the defendant was
under an obligation to guard the cellar-way in question, as
there is not a scintilla of proof in the case that goes to show,
or even to suggest, any negligence, actual or constructive, on
the part of the defendant or his agents, it was error to sub-
mit any question of the defendant's negligence to the jury.
(*Cottrell* v. *Dimick*, 1 N. Y. S. R. 304 ; *Sevestre* v. *Mayor*,
*etc.*, 14 J. & S. 341 ; *Parker* v. *City of Cohoes*, 10 Hun, 341 ;
74 N. Y. 610 ; *McCaffrey* v. *Twenty-third St. R. R. Co.*,
47 Hun, 404 ; *Kelly* v. *N. Y. & S. B. R. Co.*, 109 N. Y. 44 ;
*Kelly* v. *M. E. R. Co.*, 112 id. 433 ; *Baulec* v. *N. Y.
& H. R. R. Co.*, 59 id. 356, 366 ; *Cahill* v. *Hilton*, 106 id. 512.)
As the plaintiff has not shown or attempted to show that he
was free from contributory negligence, he should have been
nonsuited. (*Cahill* v. *Hilton*, 106 N. Y. 512 ; *Bond* v.
*Smith*, 113 id. 378 ; *Baulec* v. *N. Y. & H. R. R. Co.*,
59 id. 356 ; *Becht* v. *Corbin*, 92 id. 658 ; *Dubois* v. *City of
Kingston*, 102 id. 219.) Ordinarily, a person is undoubtedly
entitled to assume that the street is safe for his usual passage.
But when the presence of repairs or other obstructions gives
notice of unusual conditions, passers-by are properly required
to exercise more than usual care to avoid danger. (*Bowen* v.
*City of Rome*, 23 Week. Dig. 406.) While the fact that a
person has defective eyesight does not make it negligence

*per se* to walk unattended in the streets, yet such defect imposes upon that person the necessity of greater caution for the avoidance of danger. (*Davenport* v. *Ruckman*, 37 N. Y. 568 ; *Monk* v. *Town of New Utrecht*, 104 id. 552.)

*Lewis J. Conlan* for respondent. One who constructs or continues without authority a covered excavation in a public street or highway for a private purpose is, in the absence of negligence of the party injured, responsible for all injuries resulting therefrom to one lawfully passing along said highway. (*Congreve* v. *Smith*, 18 N. Y. 79 ; *Congreve* v. *Morgan*, Id. 84 ; *Clifford* v. *Dam*, 81 id. 52 ; *Irvine* v. *Wood*, 51 id. 224 ; *Swords* v. *Edgar*, 59 id. 33 ; *Davenport* v. *Ruckman*, 37 id. 568 ; *Anderson* v. *Dickie*, 1 Robt. 238 ; 26 How. Pr. 105 ; *Whalen* v. *Gloucester*, 68 N. Y. 283 ; *Wolff* v. *Kilpatrick*, 101 id. 146 ; *Jennings* v. *Van Schaick*, 108 id. 530.) The public are entitled to an unobstructed safe passage upon the sidewalks, and one lawfully passing along a sidewalk has a right to presume it is safe and is not bound to any special care. (*Clifford* v. *Dam*, 81 id. 52 ; *McGuire* v. *Spence*, 91 id. 305 ; *Jennings* v. *Van Schaick*, 108 id. 530.) Whether there was contributory negligence was a question of fact for the jury to decide. (*Baxter* v. *Warner*, 6 Hun, 585 ; *Bliss* v. *Schaub*, 48 Barb., 339 ; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 314 ; *Hill* v. *Seekonk*, 119 Mass. 85, 89 ; *Johnson* v. *H. R. R. Co.*, 20 N. Y. 65 ; *Ernst* v. *H. R. R. Co.*, 35 id. 10 ; *Moody* v. *Osgood*, 54 id. 493 ; *Clancy* v. *Byrne*, 56 id. 129, 137 ; *Evans* v. *City of Utica*, 4 N. Y. W'kly Dig. 341 ; *Davenport* v. *Ruckman*, 37 N. Y. 568.)

GRAY, J. The defendant in this action has appealed from a judgment, entered upon the verdict of a jury, by which he is held in damages for injuries, occasioned to the plaintiff by falling down a flight of steps, leading from the sidewalk of the street into the cellar-way of a building.

The complaint charged that these injuries were caused solely through the negligence of the defendant, in permitting

that part of his premises to remain unprotected and in an unsafe and dangerous condition.

The proof established the following state of facts: The plaintiff was walking by the defendant's building, on the north side of Thirteenth street, between Ninth avenue and Hudson street, in the city of New York, on a Sunday morning in June, 1884. When opposite to the flight of steps, he stepped to one side, to pass by some men who were standing at that point of the sidewalk. He attempted to pass between them and the building, and in so doing, fell down the steps. His eyesight was defective, and that may have accounted for his failure to observe the cellar opening. But whether it was or not, it is immaterial in the view I take of the case. The building had come into the defendant's possession within the previous six months, and covered the block. Around it was an open area separating it from the street. The steps in question led from the sidewalk of the street into this area, and so into the cellar of the building.

This cellar had been leased by the defendant, and the tenant was in possession and actual occupation. The lease was in writing and gave no right to defendant to use that part of the premises, or the steps in question. The building had been undergoing repairs and alterations at the defendant's hands; but they had been completed in this particular part, except that certain wooden doors, to guard the entrance by this flight of steps, had not yet been completed and put up. Temporarily, the defendant had furnished and put over the opening an iron grating, weighing some one hundred and fifty pounds, which extended from the upper step of the flight to the wall of the building, at an angle. In order to gain access to the tenant's cellar this iron work had to be lifted up and removed. The flight of steps was an ordinary one and had been there for years. A watchman was employed by the defendant to watch the outside of his building, and he was examined in behalf of the plaintiff. His instructions were, among other things, to see that this iron cover to the cellar-way was kept

in place.　On the morning in question it had been securely in. place; but, while the watchman was on his round, and before. his round was completed, some one removed it and it was out of place when the plaintiff came by.　This flight of steps. extended into the sidewalk and beyond the railing of the area. about eighteen inches; but this feature is not to be considered as involving any particular consequences.

The complaint did not charge the defendant with main-taining a nuisance, and the trial did not proceed, upon any such theory of liability.　In fact, the learned judge, who pre-sided at the trial, charged the jury that the plaintiff had chosen to base his action upon the charge of direct negligence,. and not upon that of maintaining or continuing a public nuisance, and he left it to the jury to say, whether the acci-dent was caused exclusively by the negligence of the defendant,. or by those who were acting for him.　In this the plaintiff acquiesced, and he is in no position to argue now, in support. of his judgment, on the theory that the defendant was main-taining a nuisance.　If that question was not raised at the trial, it certainly is no time to present it when the case is. heard here upon appeal.　The judgment must stand upon the case as it went to the jury upon the trial of the issue.. The question which now presents itself is raised by the exception of the defendant to the denial of his motion for a. nonsuit, at the close of the case.　I am unable to see that. there was any question of fact to be submitted to the jury.. By numerous authorities the principle is established that in order to justify a submission to the jury, in such an action as. this, the case must have some evidence showing, or fairly tending to show, some wrongful act or neglect of the defendant, or some omission of a duty, which he owes to the public.　For no cause of action arises against the defendant for negligence, unless he has violated some legal duty, resting upon him to exercise care with respect to the use or enjoyment of his property.

Now, in what respect has the defendant been shown to be in fault in the present case?　There was no conflict in the:

evidence, direct or indirect, and it does not appear that he could. have acted any more carefully or prudently towards preventing such an accident, under the circumstances. He was. not in possession of the premises and had no control over them. He did undertake to watch the outside of the building, and, in performance of that undertaking, placed a substantial iron grating over the cellar entrance, of such a nature that, to enter, one had to lift it up and to one side, and a watchman was on duty, day and night, to see that the grating was in its proper place. The employment of a watchman devolved no greater responsibilities upon the owner, than he was already under, in legal contemplation. The watchman's duties. were not those of a janitor, and had no relation to the maintenance or care of the building, nor further than was testified to. He policed the outside of the building, and he was instructed to watch this temporary covering to the tenant's cellar entrance. This covering was removed, when the watchman's back was. turned and he was on his round. The defendant did not authorize and he did not know of its removal, nor did he have any notice of it, and, of course, could have had none, for it was suddenly done. It is reasonable to presume that it was. taken up by the occupant, or by one of his servants. If the cover had remained as it was through the night and in the morning previous to the time of this occurrence, the accident could not have happened. The defendant is not to be deemed liable for the consequences to a stranger of the wanton or careless act of some other person, not in his employ. He was shown to have done all that a careful man could have done to guard the approach to the tenant's premises, pending the completion of the permanent doors which he was to furnish. Unless he, or some one for him, had stationed himself, through all the hours, upon the steps, I do not see what more could have been done. The occurrence was one which might as well have happened had the permanent doors been on, and the tenant or his servants had left them open.

In the view of the General Term, as expressed in their opinion, though it was conceded that there was no direct con-

flict of evidence, it was held that there was a conflict arising "from the very circumstances of the happening of the accident" as to the manner in which the opening was guarded. But that is a mistaken view of the proof. There is absolutely nothing to show that any more effective device could have been adopted under the circumstances of the case. The closest sifting of the evidence leaves no residuum, out of which the jury could fairly extract any inference of neglect on the defendant's part. This is a case where the law can grant no relief to the plaintiff against the defendant; for the only ground is, in reality, that he is the owner of the premises. In all cases where it is sought to hold the owner of property liable for injuries, occurring to a stranger on the ground of negligence, there must be evidence in the case that he was guilty of some act of omission, or commission, from which a jury might reasonably infer fault on his part. Nothing less than that will satisfy the demands of the rule of law in such cases. The law is reasonable, and does not demand of an owner of property more than the exercise of ordinary care, with respect to the rights of third persons. A reference to such recent cases as *Wolf* v. *Kilpatrick* (101 N. Y. 146), *Edwards* v. *N. Y. & H. R. R. Co.* (98 id. 245) and to many others, some of which are cited upon the brief of the counsel for the appellant, will show that it would be a violation of well-established rules of law to allow juries to determine, upon mere surmise and conjecture, as to the existence of negligence on the part of defendant. The evidence must fix, or tend to fix, upon a defendant, in such cases, some personal fault, or its equivalent, to warrant a submission of the question of liability to the jury.

These views lead us to the conclusion that it was error in the trial court to deny the defendant's motion for a nonsuit, and, for that error, the judgments below should be reversed and a new trial granted, with costs to abide the event.

All concur, except RUGER, Ch. J., and DANFORTH, J., dissenting.

Judgment reversed.