# WILLIAM H. BURT
## v.
# WALTER S. WRIGLEY.

*Negligence—Personal Injuries—Building in Process of Construction—Notice—Appeal and Error.*

1. In an action brought to recover for personal injuries alleged to have occurred through the negligence of the owner of a building in process of construction, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

2.   This court holds as proper the refusal of the trial court to permit defendant's witnesses to answer certain questions, such questions simply calling for their opinions.

[Opinion filed December 7, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Appellant having given to his daughter a lot on West Monroe street, in the city of Chicago, built a house thereon. Certain steps leading to the basement of the house projected a short distance into the street; in putting in these steps an excavation was made under and a portion of the sidewalk removed.

While this work was going on, appellee, in going in the evening past the premises of appellant, and not noticing any obstruction, stepped into a hole in the sidewalk made in the course of the doing of the work ordered by appellant. Appellee's leg was badly bruised and he was confined to his house for some time. As to the condition of the walk at the time of the accident, the testimony was conflicting, as was also the evidence as to the condition in which the walk was left at the close of work on that day, and the lights burning and danger signals existing at the time appellee was injured.

Suit having been brought against appellant, the mason who did the work, and the city of Chicago, upon the trial the plaintiff dismissed his suit as to the city, and the jury found the mason not guilty, and appellant guilty, assessing the damages at $500.

There was judgment upon the verdict and the defendant, Burt, prosecutes this appeal.

Messrs. CASE, HOGAN & CASE, for appellant.

Messrs. HYNES & DUNNE, and J. W. DUNCAN, for appellee.

WATERMAN, P. J.   It is urged that appellant had no notice of the dangerous condition of the walk, and consequently no recovery can be had.

Burt v. Wrigley.

As the work was ordered by appellant and done under his daily supervision, the rule as to notice, existing in the case of municipal corporations who are only bound to the exercise of reasonable diligence in ascertaining defects and keeping public streets in a safe condition, has no application to this case. Nor is this one of those instances in which a person having let work to competent contractors, relinquishes to them such entire control over his premises and the work that he is not responsible for injuries the result alone of their negligence. There is no evidence that appellant surrendered control over either the work or his premises.

If it were clearly established that all necessary precautions in the way of coverings, guards, lights, etc., had been placed by appellant, and that the accident had been caused by the removal by some unauthorized hand of some of those coverings, lights or guards, without notice to appellant, and at such a time before the accident that no duty of inspection could be charged upon appellant, then the case would be analogous to that of Martin v. Pettit, 117 N. Y. 118. As it was, the question of appellant's negligence, if any, and of appellee's exercise of care, was fairly debatable, and the verdict of the jury can not be said not to be sustained by the evidence.

The witnesses called by the defendant to show the condition of the walk seem to have testified fully as to their knowledge upon that matter, and we do not think the defendant was injured by the refusal of the court to permit them to say whether, if any boards had been absent so as to leave an open space, they would have noticed it. The answers, if given, would have been mere matters of opinion. Sahlinger v. The People, 102 Ill. 241–248.

There is not the inconsistency suggested between the acquittal of the mason who did the work and the finding of appellant guilty. The mason left the premises on the 22d of November; the accident happened December 3d. It was for a negligent condition existing December 3d, that appellant was sued; that this had existed since November 22d, the jury might not have thought. The jury were fairly instructed and the damages are not excessive.

We find no error requiring a reversal of this judgment and it must be affirmed.

*Judgment affirmed.*