(7 Misc. Rep. 1.)

### JORGENSEN v. MINISTERS, ETC., OF REFORMED LOW DUTCH CHURCH OF HARLEM et al.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. LIMITATION OF ACTIONS—INJURIES NOT RESULTING FROM NEGLIGENCE.
    To an action for a personal injury not resulting from negligence, the six-years limitation applies. 26 N. Y. Supp. 876, affirmed.

2. SAME—ACTION BY HUSBAND FOR INJURY TO WIFE.
    An action by a husband for a hurt to his wife is an action for personal injury.

3. PLEADING—AIDER BY REFERENCE TO SEPARATE DEFENSE.
    A demurrer to one of several separate and independent defenses admits only the facts stated in the defense against which it is directed; and that defense is not aided by an allegation in another distinct and independent defense.

4. NEGLIGENCE—PLEADING.
    A complaint for personal injury from an obstruction in a street *held* not to show an action for negligence.

(Syllabus by the Court.)

Appeal from special term.

Action by Hans F. Jorgensen against the Ministers, Elders, and Deacons of the Reformed Low Dutch Church of Harlem and others to recover for loss of services of plaintiff's wife. From an interlocutory judgment sustaining a demurrer to part of the answer, (26 N. Y. Supp. 876,) defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Douglas A. Levien, for appellants.

William B. Tullis, for respondent.

PRYOR, J. Here is an action by a husband for loss of the services and society of his wife, resulting from an injury to her by the wrongful act of the defendant. Among other defenses the appellant alleges that the cause of action did not accrue within three years; and to this plea the respondent demurs, "for that it does not set forth facts sufficient to constitute a defense." The demurrer was sustained, and from the interlocutory judgment on the order upholding the demurrer the defendant appeals.

Obviously, the demurrer is not in the form prescribed by the Code,

(section 494,) namely, that the defense "is insufficient in law upon the face thereof." Waiving, however, this technical objection, the question is whether the plea of the three-years limitation applies to the cause of action exhibited by the complaint. For a personal injury without qualification as to its cause an action may be brought within six years, (Code, § 382, subd. 3;) while for a personal injury "resulting from negligence" the period of limitation is three years, (Id. § 382, subd. 5.) An action by a husband for a hurt to his wife is an action for personal injury in the sense of the statute. Maxson v. Railroad Co., 112 N. Y. 559, 20 N. E. 544. So, the precise point in dispute is whether the cause of action presented by the complaint be for injury from negligence, or otherwise. The misconduct imputed to the defendant is described by the complaint in these words:

"Fifth. That at the times aforesaid the defendants there wrongfully and unlawfully maintained, as an appurtenance connected with said premises, a cellar or vault opening extending from the front line of said lot bordering upon said highway at least five feet beyond the street line thereof, and about four feet wide into the public sidewalk of said avenue; that said vault opening contained a stone stairway leading to the cellar of said building, which was not covered by any indestructible material, nor protected by iron railings, but which was covered, contrary to law, by wooden doors secured to said sidewalk by hinges; and that said opening in the sidewalk so covered was a public nuisance. Sixth. That said premises and vault or cellarway were in the condition above described when the premises were leased, as aforesaid, by the defendant corporation to the defendants Squires Brothers, prior to said September 25th."

Thus, upon the terms of the complaint, the wrongful act alleged against the defendant is misfeasance, not nonfeasance; and the misfeasance charged consists in the maintenance of a dangerous obstruction in the highway. The averment is not of an omission of care in the exercise of a right, but of a positive act, in itself wrongful and unlawful. To designate beyond doubt the ground of his action, the plaintiff characterizes the thing of which he complains as a "nuisance;" and, since every unlawful obstruction of a highway is a nuisance, (2 Shear. & R. Neg. § 332,) the appellation is not arbitrary, but is strictly appropriate to the nature of the thing. The appellant contends, however, that since, in another independent defense, authority to create the obstruction in the street is alleged, the demurrer admits the fact, and that so the respondent is estopped to say that the obstruction is a nuisance. Waiving inquiry whether it be competent to a municipality to legalize a dangerous interference with the highway, (Clifford v. Dam, 81 N. Y. 52,) and whether, even if permitted, the obstruction here was not a nuisance, (Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424,) still the appellant cannot, to sustain one defense in his answer, call to its aid an allegation in another and independent defense, (Douglass v. Insurance Co., 138 N. Y. 210, 33 N. E. 938; Hammond v. Earle, 58 How. Pr. 426;) but the demurrer admits only the facts of the particular defense against which it is directed, (Cutler v. Wright, 22 N. Y. 472.) That the action is not for a negligent injury is equally clear upon the authorities, (Dickinson v. Mayor, etc., 92 N. Y. 584, 588; Fisher v.

Rankin, [Sup.] 7 N. Y. Supp. 837; Irvine v. Wood, 51 N. Y. 224; Clifford v. Dam, 81 N. Y. 52; Martin v. Pettit, 117 N. Y. 118, 122, 22 N. E. 566;) and, such being the case, the plea of the three-years limitation presents no defense, (Maxson v. Railroad Co., 112 N. Y. 559, 560, 20 N. E. 544.) The provision in the judgment for costs is not properly before us, (Robinson v. Hall, 35 Hun, 214,) but, in any event, it is the correct practice, (Brassington v. Rohrs, [Com. Pl. N. Y.] 22 N. Y. Supp. 761.) Judgment affirmed, with costs. All concur.