Thomas Kelly, as Administrator, etc., of Michael Kelly, Deceased, Appellant, *v.* Sophia B. Smith and Others, Respondents.

*Negligence — ladder taken from its position on a fire escape of a tenement house and played with by boys.*

The owner of a tenement house who, in compliance with the statute, has provided a fire escape, on the second balcony of which a ladder is usually kept

hanging, which ladder on a certain morning has been taken down by some one for whose acts the owner is not responsible and hung upon the first balcony and is used by boys in their play, is not liable for the death of one of the boys caused by his unauthorized use of the ladder.

Appeal by the plaintiff, Thomas Kelly, as administrator, etc., of Michael Kelly, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 2d day of June, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

This action was brought to recover damages for the death of the plaintiff, caused, it was alleged, by the negligence of the defendants as owners of an estate to which the tenement house referred to in the opinion belonged.

*Edward B. La Fetra,* for the appellant.

*Herbert C. Smyth,* for the respondents.

Ingraham, J. :

There was absolutely no evidence to sustain a finding that the defendants were guilty of any negligence. The law imposed upon the defendants the duty of maintaining a fire escape upon this building, and in the performance of that duty a fire escape was attached to the building which seems to have complied with the law.

By section 499 of the Consolidation Act (Chap. 410, Laws of 1882, as amended by § 34, chap. 275, Laws of 1892) it is provided that every dwelling house occupied by or built to be occupied by three or more families above the first story shall be provided with such good and sufficient fire escapes as shall be directed by the superintendent of buildings, and that all scuttles and ladders shall be kept so as to be ready for use at all times. In performance of this duty and under the direction of the defendants a ladder was provided for connecting the fire escapes with the yard of the defendant's property and that ladder was hung upon the fire escape so that it could be used in case of fire and thus afford means for the occupants of the house to reach the yard. The ladder was hung on the second balcony from which place it would not reach the ground, but would be available for use in case of necessity by hanging it upon

the first balcony. It seems that boys in the neighborhood were in the habit of going in this yard, and sometimes would unhook the ladder from the second balcony and hang it upon the first balcony where they would use it in their play; that upon the morning of the day of the accident this ladder had been taken from the place where it was usually kept and hung upon the first balcony, so that the bottom of the ladder was either upon the ground or close to it. The deceased, about seven years of age, was with his brother in the yard and commenced to use this ladder "playing fireman." The deceased climbed up to the top of the ladder when his brother started to climb up after him, the ladder shook and deceased fell, sustaining injuries which resulted in his death. At the time he fell one hook of the ladder appears to have been detached from the fire escape, the ladder being held by the other hook. These boys had been playing upon this ladder for some time during the morning. One of the inmates of the house told the boys to get off the fire escape, but, notwithstanding that, they continued to play upon it. When the boys first commenced to play upon the ladder both hooks were on the fire escape, but in some way, just before the accident, one of the hooks had become detached. There is no evidence as to when this ladder was taken down from the second fire escape and placed upon the first so that it reached the ground. The janitor, a witness called by the plaintiff, testified that two days before the accident he hung the ladder upon the second fire escape and that after that he did not notice the ladder until after the accident. There is not a particle of evidence to show that these defendants did anything except what the statute required them to do, *i. e.*, provide a ladder as a part of the fire escape. It was kept so as to be ready for use at all times. To comply with the requirements of this statute it was necessary that the ladder should be kept where it could be reached from the first platform of the fire escape and so afford means of reaching the ground in case it was needed. It was placed in a safe position in which no one could be injured and removed from that position so as to connect it with the ground, so far as appears, by some one not in the employ of the defendants, or for whose acts the defendants were not responsible. But even in the position in which it was at the time of the accident, it was not in any way a dangerous machine or one that could injure any one,

except by an unauthorized use of the ladder, and a person so using it falling from it. The deceased was not, either directly or indirectly, invited by the defendants to use this ladder, nor was it a part of the building which was to be used by the tenants, or any one in the building, except in case of fire. Any one attempting to use this fire escape did so at his own risk, and the defendants were no more liable for a fall from this ladder than they would have been for a fall upon any of the stairs or floors of the building when such fall was not caused by any defect in the construction or maintenance of the stairs or floor upon which the fall was caused. The deceased was warned not to use the ladder, but he insisted upon using it; and even if it had been placed in the position in which it was at the time of the accident by the defendants and used by the deceased as it was, there would have been no evidence of negligence. The ladder was properly constructed for the use to which it was to be put, and was provided with proper hooks to secure it to the fire escape. It was not intended for the use to which the deceased put it at the time of the accident. It was not a part of the means provided by the defendants for access to the building or the yard. It was not a dangerous machine, the danger of which was not apparent to one attempting to use it, and the accident resulted solely from the unauthorized use of it by these boys when one of them slipped and fell, not because of any defect in the construction or condition of the ladder at the time it was used, but because of the manner of its use by them, for which the defendants were not in any way responsible.

The case comes directly within the case of *McAlpin* v. *Powell* (70 N. Y. 126), which was an accident happening upon a fire escape. There the court say: "It was put up only for a fire escape to be used for the protection of life in case of danger from fires, and was not intended and was never used as a balcony. * * * It bore no indication that it was designed for general use, and furnished no invitation or attraction to young children any more than the roof of a stoop or piazza which projects under the window of a dwelling house and is easy of access to persons in the vicinity. Under such a state of facts, and where a person thus voluntarily exposes himself to danger and is injured, there is no rule of law which authorizes a recovery." (See, also, *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y.

301; *Miller* v. *Woodhead*, 104 id. 471; *Martin* v. *Pettit*, 117 id. 118.)

We think, upon the undisputed evidence, that this accident arose, not from any negligence on the part of the defendants, but from the unauthorized use by these boys of this ladder from which the deceased fell, for which the defendants were not responsible.

The complaint was, therefore, rightfully ·dismissed, and the judgment should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred. ·

Judgment affirmed, with costs.