(81 App. Div. 577.)

## BOSS v. JARMULOWSKY.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1.° LANDLORD—ALTERATIONS IN TENEMENT—NEGLIGENCE OF SUBCONTRACTOR—LIABILITY.
   Where the owner of a tenement lets to a contractor the work of making certain alterations necessitating the partial removal of a fire escape, and this feature of the work is intrusted to a subcontractor, whose servants pile portions of the escape in a hallway so negligently as to occasion a tenant's injury, the owner, who has exercised no direction or control over the work, is not liable.

2. SAME—PERMITTING CONTINUANCE OF DANGEROUS CONDITION.
   A landlord, who is not shown to have actual knowledge of the piling of ironwork in a hallway by the servants of a subcontractor, is not chargeable with negligence in permitting the material to remain there, where the injury to a tenant, occasioned thereby, occurred only a few hours after the deposit.

3. SAME—MAINTENANCE OF NUISANCE.
   A landlord is not liable as for maintaining a nuisance for the deposit of ironwork in a hallway by the servants of a subcontractor, not pursuant to the ordinary method of doing the work.

Appeal from Trial Term, New York County.

Action by Israel Boss, an infant, against Sender Jarmulowsky. From a judgment for defendant entered on a directed verdict, and from an order denying a new trial, plaintiff appeals. Affirmed.

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 638; Master and Servant, vol. 34, Cent. Dig. §§ 1245, 1248, 1257.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. Levy, for appellant.

H. Nathan, for respondent.

PATTERSON, J.  This action was brought to recover damages for injuries sustained by the infant plaintiff in a hallway of premises No. 159 Orchard street, in the city of New York, which premises belonged to the defendant.  It is alleged in the complaint that the defendant wrongfully, carelessly, and negligently allowed a heavy iron railing to remain in a dangerous position against a wall in the hallway of the premises, and that while the infant plaintiff was passing through the hallway this railing fell upon and seriously injured him.  It is further alleged that the iron railing remained in the hallway for about four days, and that it was an unlawful and dangerous obstruction, and was permitted to remain in the premises "unsecured and unfastened for several days," with the full knowledge of the defendant, his agents and servants; that the plaintiff was lawfully on the premises and in the hallway, his parents being tenants of the defendant.  The defendant, in his answer, denies that he was in control or possession of the premises at the times mentioned in the complaint, and he further sets up that at such times such premises described were under the control and in the possession of a third person, with whom he (the defendant) had made a contract for the alteration of the premises, and that whatever injuries were sustained by the plaintiff at the time and place mentioned in the complaint were due to the negligence of the person injured, or to the negligence of his parents, guardians, or custodians; and that, if such injuries were due in whole or in part to the negligence of any one else, it was the negligence of such person with whom the defendant had made such contract for the alteration of the premises, or his servants or employés, or of some one other than the defendant, and were not the result of any negligence on the part of the defendant.  At the trial, evidence upon the issues raised by the pleadings was introduced by both parties, and at the conclusion of the case the trial judge directed a verdict for the defendant, and from the judgment entered upon such verdict, and from an order denying a motion for a new trial, the plaintiff appeals.

The following facts are established by the evidence:  The defendant was the owner of the premises in question.  The building was a tenement house, and the infant plaintiff, four years of age, resided with his parents, who were tenants of one of the apartments in the house.  The defendant contracted to have certain alterations made in the front of the building, and entered into an agreement with a builder to make the alterations in accordance with specifications agreed upon.  These alterations seem, from the terms of the specifications, to have included the putting in of show windows for store purposes in the front basement, and that required the removal of brickwork and the taking down of part of a fire escape on the front of the building.  One Polstein was the contractor for making the alterations, and he sublet the ironwork to the firm of Ravitch Bros., who were to remove the fire escape, or so much thereof as was necessary.  Ravitch Bros. undertook the

81 N.Y.S.—26

work, which was done by their workmen or employés under the super-intendence of one Levy. While the fire escape was being removed, parts of it were placed in the street, but that disposition of the material was forbidden by a policeman, and thereupon Levy directed the man working under him to carry a part of the material and deposit it in a hallway of the tenement house. That was done on the afternoon of the same day on which the infant plaintiff was injured. The defendant had no control over the contractor, subcontractor, or the workmen of either. He in no way interfered with the work, gave no directions in regard thereto, but left it completely with the contractor. It does not appear that the work to be done was in itself dangerous to occupants of rooms in the house. Some of the tenants, including the father of the infant plaintiff, remained in the premises while the alterations were going on. The injuries sustained by the plaintiff were the consequence of the iron obstruction falling upon him late in the afternoon of the same day on which it was placed in the hallway, and at that time the plaintiff was rightfully in such hallway.

That the negligence which resulted in injury to the infant plaintiff was that of an independent contractor, is established. This obstruction was not placed in the hallway by the defendant or by his servants. There was no interference by him or them with the work the contractor was employed to do. What was contracted for was lawful. What was to be done under the contract was not of such a character as devolved upon the owner the performance of an affirmative duty to his tenants occupying rooms, and which he could not delegate to a contractor. That contractor had no right, or authority, or power to interfere with the hallway, or to obstruct it. The use of the hallway is not shown to have been necessary to the work, which work was not of a kind that involved danger to those who should use the hallways. The contract did not include any alteration of the hallways, or authorize their use as a place of deposit for material by the contractor. Those who placed the obstruction in the hallway were not in the employ of the defendant, but of the contractor or subcontractor; and the defendant cannot be made liable for the consequences of the wanton or careless act of a person not in his employ. Martin v. Pettit, 117 N. Y. 118, 22 N. E. 566, 5 L. R. A. 794. Nor can the defendant be held liable upon the theory that he neglected a duty by allowing this obstruction to remain in the hallway. The accident occurred only a few hours after the iron material was deposited there. There is nothing to indicate that the defendant had knowledge or notice actual or constructive of its being there. It is the duty of an owner to use reasonable care in keeping the stairways and hallways, used in common by his tenants, in suitable condition for safe passage; but there is no violation of that duty until he knows or ought to have known that they are in a dangerous condition. In the absence of actual knowledge, the burden was upon the plaintiff to show that the obstruction had existed for such a length of time as to charge the defendant with notice of its presence. Idel v. Mitchell, 158 N. Y. 139, 52 N. E. 740.

It is claimed, however, that the case should not be considered as one of negligence only, but that the allegations of the complaint are broad enough to charge the defendant with maintaining a nuisance in a hall-

way, a ·common appurtenance of a tenement house, and that the proof establishes that a nuisance was maintained by the landlord.   It is evident that this obstruction was not created in the hallway by the owner, or by his servants or agents, but was the wrongful act of a third party. If it were a nuisance, it was created by the servants or employés of the independent contractor.   It was not the result of the ordinary method of doing work intrusted to an independent contractor, but was caused by the negligence of the contractor or his servants, and was in a matter purely collateral to the contract, viz., depositing materials, and the case comes within the distinction referred to by Gray, C. J., in Gorham v. Gross, 125 Mass. 240, 28 Am. Rep. 234.

On reading the whole evidence, we do not find it sufficient to establish that the owner maintained or suffered a nuisance to continue, and so failed in his duty to tenants, and, in the view we have taken of this case, it is unnecessary to consider whether the defendant had a janitor in the premises when the accident occurred.

The judgment and order appealed from should be affirmed, with costs.   All concur.