(November 13, 1942.)

JOSEPH MARTELL, Respondent, v. HARLOU, INC., Appellant.

GLENNON, J. (dissenting). Plaintiff, an actor, instituted this action to recover damages for personal injuries alleged to have been sustained by him to his left arm and shoulder when he slipped and fell in a pool of water about six or seven inches in diameter while dancing on the stage of defendant's theatre, as he was making a temporary exit toward the wings while participating in a vaudeville act. The dance step was, according to plaintiff, " a side shuffle, where you exit in tune to the music, one foot over another, out to the left stage."

In describing the accident, he said: " Well, I started to side shuffle off from the center stage and as I reached close to the wings, I slipped in a puddle of water and I fell." The first time he noticed the water was while he was lying on the floor. He stated, in substance, that immediately prior to the time he made his appearance on the stage, there was what he designated as an animal act, consisting, in part, of about about six or eight dogs. During the performance of that act plaintiff stood in the wings while the stage was brightly lighted. In fact he had a full view of the whole stage.

Plaintiff was the only witness called to testify on his behalf, in reference to the happening of the accident.

At the conclusion of plaintiff's case, the defendant's counsel moved to dismiss the complaint " on the ground that there has been no showing whatsoever of either actual or constructive notice of any alleged defect of the stage or floor, or the presence of any moisture or water or wetness on the stage floor of the defendant's theatre." The motion was denied.

The defendant called as a witness one Edward Dawson, a theatrical booking agent, who testified that on the afternoon of the day in question he was acting as Master of Ceremonies at the theatre. He said, in part, in referring to the reason why he recalled the act: " Well, first of all it was my job to watch the act. The man came to me and wanted me to see the act and I told him to go over there and I would look at it. I promised him I would look at it, and I stayed there in the wings and watched it and took it all in, to see if I could use him." He testified further: "I only watch acts which are auditioned. I don't watch the others."

Plaintiff's act followed what Mr. Dawson described as a dog act. He was asked how many dogs were in the act and he replied: " One; just a police dog." In describing that act he stated that the man in charge of the animal, " had the dog do some adding and some subtracting and carry a flag." The time alloted for the dog act was three minutes.

The witness stated that the stage was fully lighted at all times. At no time did he see any water on the stage. He characterized the plaintiff's performance as a " knock-about act, where he would push his partner and his partner would push him and somebody would fall on the stage." He had occasion to observe the act because, as he said, he wanted to see if he could use the plaintiff and his partner for booking purposes.

The manager of the theatre testified that the stage was fully lighted during the performance of the act. There were no water pipes or faucets on the stage. He did not observe any water on the floor.

The young lady who played the piano for the plaintiff testified that the stage was lighted when plaintiff made his appearance and that there was no water on the stage.

At the conclusion of the case, defendant's counsel renewed his motion to dismiss and asked for a direction of a verdict. The motion was denied.

It is argued by plaintiff that the wetting of the stage by a performing dog and the resultant accident was foreseeable by the defendant. The difficulty with that contention, however, is that there is no testimony in the record to indicate that a dog did in fact wet the stage. If a dog had done so, plaintiff, who was standing in the wings awaiting his turn to go on the stage, certainly would have been in just as good a position to observe it as would the manager of the theatre.

Under the circumstances, we are of the opinion that plaintiff has failed to make out a case in negligence. (*Goodman* v. *Silverman*, 231 App. Div. 84.) The judgment, therefore, should be reversed with costs and the complaint dismissed with costs.

Martin, P. J., concurs.