JENNIE GOODMAN, Respondent, *v.* MORRIS SILVERMAN, Appellant.
SAM GOODMAN, Respondent, *v.* MORRIS SILVERMAN, Appellant.

First Department, December 5, 1930.

*Harold M. Phillips,* for the appellant.

*Francis A. McGurk,* for the respondents.

O'MALLEY, J. The judgments appealed from are predicated upon the negligence of the defendant which caused personal injuries to the plaintiff Jennie Goodman, wife of the plaintiff Sam Goodman. The latter has secured a judgment in the usual companion action for loss of services.

Sam Goodman was a tenant of the defendant. His wife slipped and fell on the stoop leading from the defendant's apartment house to the street. Her fall was due to the presence of a quantity of fecal matter, presumably deposited by a young child. It was sufficient in quantity and condition to cause the plaintiff wife to slip and lose her balance. The accident occurred on August 19, 1925.

In the absence of evidence of actual notice to the defendant of the dangerous condition thus created, the plaintiffs were compelled to rely upon constructive notice. The most that they could

show was that the condition complained of had existed for about an hour. We are of opinion that it would be unreasonable to hold the defendant liable for failure to inspect within so short a period of time. The authorities relied upon by appellant's counsel fully sustain his contention that negligence may not be predicated upon such a state of facts. (*Boss* v. *Jarmulowsky*, 81 App. Div. 577; *Wynn* v. *Carlin*, 135 id. 795; *Maringer* v. *Hill*, 146 id. 720.)

Nor may the respondents find sufficient aid to support their judgments by resort to the provisions of section 104 of the Tenement House Law (as amd. by Laws of 1923, chap. 796), in force at the time of the accident. It is true that this statute imposed a duty upon the defendant to keep all parts of the premises " free from any accumulation of dirt, filth or garbage or other matter." Obviously its provisions were for the protection of tenants. However, the defendant may not be deemed to have violated the statute in the absence of evidence tending to show that the condition in question had obtained for a sufficient length of time for its discovery in the exercise of reasonable care.

The judgments should be reversed, with costs, and the complaints dismissed, with costs.

DOWLING, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgments reversed, with costs, and complaints dismissed, with costs.