RICHARD DE RENZIS, Respondent, *v.* NEW YORK RAPID TRANSIT CORPORATION, Appellant.

First Department, March 3, 1939.

*Andrew F. Van Thun, Jr.*, of counsel [*George D. Yeomans*, attorney], for the appellant.

*Adolph S. Ziegler* of counsel [*Harry H. Lipsig* with him on the brief; *Abraham Wasserman*, attorney], for the respondent.

GLENNON, J. The plaintiff intended to become a passenger on the defendant's railroad shortly before noon on May 8, 1936. While descending the stairs from the street to the DeKalb avenue station in Brooklyn, he fell to the mezzanine landing and was injured. He stated, in substance, that at about the fifth step from the bottom something caught the heel of his left shoe with the result that he lost his balance. After he had fallen, he noticed a screw protruding upward about one-half an inch from the sheet iron covering on the step. Each of the steps was protected by four plates which are four inches in width and practically cover the entire tread. The screw, concerning which the plaintiff testi-fied, was one of six which were used to hold each of the plates in place. No evidence was adduced on behalf of the plaintiff to indi-cate that the screw had been out of its normal position prior to the happening of the accident. With the exception of a doctor who gave testimony as to plaintiff's injuries, no other witnesses were called by the plaintiff.

The defendant introduced into evidence photographs of the stair-way on which the accident happened. In addition thereto it called five witnesses all of whom testified that they examined the steps shortly after the accident with a view of determining what caused plaintiff to fall, and found nothing.

Pius Kazlauskas, a police officer who was directing traffic at the intersection of DeKalb avenue and Flatbush Avenue Extension, said that he had been notified of the accident about eleven-fifteen o'clock and immediately visited the scene. He asserted that the plaintiff told him that he slipped and fell down the stairs. He made an examination of the steps and did not see any screw sticking upward. Another police officer, one Guido Vacca, was directed by his sergeant to go to the scene. He also examined the steps and did not see any screws which were out of place. Frederick Hill, assistant supervisor of signals on defendant's railroad, testified that he was walking down the stairs about three or four steps behind the plaintiff and saw him fall. After aiding the plaintiff and noti-fying a special officer to get an ambulance, he made an investigation. He said, " I thought he might have slipped on a peel or banana peel or some other refuse." He did not see a screw out of place. William Mahoney, a special officer employed by the defendant at

the DeKalb avenue station, testified that he had made an examination of the stairs and did not see any screws sticking up on any of the steps. One Ernest Newell, who is employed in the building department of the defendant, likewise testified that an examination conducted by him failed to disclose any loose screws.

In the face of this testimony it is difficult for us to see how the trial court reached the conclusion that the plaintiff had established his case by a fair preponderance of the credible evidence. Under the circumstances, pursuant to the stipulation which was entered into between the parties, the court should have rendered judgment upon the facts in favor of the defendant.

In addition to what has been said, we are inclined to the view that the court should have dismissed the complaint at the close of the plaintiff's case. There is nothing in the evidence, even though one were to adopt the version of the facts related by plaintiff, to indicate how long the screw had been out of position. There was neither actual nor constructive notice. For aught one could tell, the screw might have been loosened shortly before the accident. (*Foley* v. *Manhattan Elevated R. R. Co.*, 89 Hun, 606.) The railroad in the maintenance of its stairways was bound to exercise only ordinary care in view of the dangers to be apprehended. (*Kelly* v. *Manhattan Railway Co.*, 112 N. Y. 443; *Weldon* v. *New York, New Haven & H. R. R. Co.*, 159 App. Div. 649.)

It should be borne in mind that plaintiff was not a passenger at the time the accident occurred. He was going down the stairway leading to the station apparently for the purpose of boarding a train. The case of *Schonleben* v. *Interborough Rapid Transit Co.* (160 App. Div. 790), which is relied upon by the plaintiff, is not in point. There it should be noted that plaintiff was a passenger in one of defendant's cars. Consequently, the defendant was obligated to exercise the greatest care for his safety. Here the relationship of passenger and carrier did not exist.

The argument advanced by the plaintiff that the alleged defect was structural is without foundation. That one of six screws which were used to hold a plate in place should become loosened in the course of time is not an indication that the construction was inadequate for the purpose for which it was intended.

The judgment and order should be reversed, with costs, and judgment directed dismissing the complaint, with costs.

MARTIN, P. J., DORE and CALLAHAN, JJ., concur; O'MALLEY, J., concurs in result.

Judgment and order unanimously reversed, with costs, and the complaint dismissed, with costs.