CONCETTA BRAVADO, an Infant, Incompetent, by LENA BRAVADO, Her Guardian ad Litem, and LENA BRAVADO, Respondents, *v.* THOMAS E. MURRAY, JR., as Receiver of INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

First Department, June 16, 1939.

*A. L. Wilbur* of counsel [*James L. Quackenbush*, attorney], for the appellant.

*William A. Blank* of counsel [*Daniel Ginsberg* with him on the brief; *Louis Myerson*, attorney], for the respondents.

CALLAHAN, J.   The evidence herein disclosed that the infant plaintiff, who was sixteen years of age at the time of the accident, fell while descending a subway stairway at One Hundred and Sixteenth street and Lexington avenue, New York city, on November 16, 1937, at about seven-thirty A. M.   She claims that she slipped on a foreign substance, said to be " vomit," and fell about six steps. Her companions picked her up and brushed off her clothes.   She complained that her back hurt.   She boarded a train and changed at the next station, where she entered a ladies' room and remained about five minutes.   She then proceeded downtown with her companions, where she traveled about the city for half of the day looking for work.   At that time she was limping somewhat and complained again that her back hurt.   She went home and on the following day took another train downtown to look for work. She secured employment but did not start to work.   The next complaint she appears to have made occurred on November 19, 1937.   Pursuant to a call from the infant plaintiff, her brother

met her in the evening of November nineteenth in a drug store and took her to a police station, where she complained of the accident on November sixteenth. An ambulance was called and she was taken to Harlem Hospital. A few hours later she was transferred to Bellevue Hospital, where, in the course of a day or two, she was held as a mental patient and eventually found to be suffering from manic depressive psychosis. She was suffering from somatic delusions — ideas as to injuries to her body that did not exist.

No contention is made that there was any injury sustained to her head in the fall. She apparently suffered only minor contusions. She sued and has recovered a substantial verdict on the theory that insanity was produced by shock from the fall in the subway.

The principal questions presented on this appeal are (1) whether there was sufficient proof of notice to defendant of the alleged dangerous condition, (2) whether the finding of the jury, that the infant plaintiff's insanity was the direct and proximate result of the injuries complained of, was supported by the evidence, and (3) concerning the conduct of the trial.

The proof in the case merely shows that the foreign substance had remained on the subway steps for about twenty-five minutes before plaintiff fell. Upon this proof the trial court left to the jury the question as to whether defendant had constructive notice of a dangerous condition. The court advised the jury that there was no proof that defendant had actual notice of such a condition. There was no exception taken to the latter instruction. Therefore, both parties must be deemed to have acquiesced in the court's ruling that there was no proof of actual notice in the case.

We find that it was error for the trial court to submit the question of constructive notice to the jury, in view of the short period of time that elapsed during which it was established that the foreign matter remained on the steps. (See *Goodman* v. *Silverman*, 231 App. Div. 84; *Rudger* v. *Mucklon Holding Co., Inc.*, 240 id. 188; *McAuley* v. *United Cigar Stores Co. of America, Inc.*, 204 id. 356; affd., 236 N. Y. 633; *Maringer* v. *Hill*, 146 App. Div. 720.)

The situation involved herein is not analogous to that found in *Wheeler* v. *Deutch* (242 App. Div. 641), relied on by respondents. There the accident occurred when the plaintiff slipped on green vegetables which had been allowed to remain on the floor of a busy store, in plain sight of numerous clerks for about fifteen or twenty minutes. Here the accident occurred on the stairway of a railroad station which was removed from the direct surveillance of defendant's employees, whose duty confined them to another portion of the station, excepting when they had occasion to clean the

stairway or to make periodical visits of inspection. It would be an unwarranted rule to require inspection, especially at the early hour of the morning involved herein, as often as every twenty-five minutes. A railway company, in the maintenance of its stairway, is bound to exercise only ordinary care in view of the danger to be apprehended. (See *De Renzis* v. *N. Y. Rapid Transit Corp.*, 256 App. Div. 367.)

Under the circumstances we find no necessity of discussing the two remaining points raised by appellant.

The judgment should be reversed, with costs, and the complaint dismissed on the merits, with costs.

MARTIN, P. J., O'MALLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.