**REDMAN v. UNITED STATES et al.**

No. 278, Docket 21362.

United States Court of Appeals
Second Circuit.

Argued June 16, 1949.

Decided July 29, 1949.

714

Nathan Baker, New York City, for appellant.

John F. X. McGohey, U. S. Atty., and Haight, Deming, Gardner, Poor & Havens, New York City (J. Ward O'Neill and John J. Foley, New York City, advocates) for appellee United States of America, War Shipping Administration, and Danish Ship Operating Corporation.

Galli & Locker, New York City (Patrick J. McCann, New York City, advocate) for appellees Martin Rissel and James McNeil.

Townley, Updike & Carter, New York City (J. Howard Carter and John J. Macchia, New York City, advocates), for appellee Robert Banks & Co.

Everett W. Bovard and Tompkins, Boal & Tompkins, New York City (Everett W. Bovard and Arthur M. Boal, New York City, advocates) for appellee Turbine Engineering Corp.

Glenney, Mathews & Hampton, New York City (Walter L. Glenney, New York City, advocate), for United Fruit Co.

Before SWAN and CHASE, Circuit Judges, and SMITH, District Judge.

SWAN, Circuit Judge.

The libellant was injured on July 25, 1944 through the collapse of a wooden scaffold on the steamship Leonatus. By this suit he seeks to recover damages for his injuries. The suit was seasonably brought against the United States, the War Shipping Administration, the Danish Ship Operating Corporation and the Chelsea Ship Repair Company (a partnership), respondents, and Robert Banks & Co., im-

pleaded-respondent. More than three years after the accident, by amendment to the libel, Turbine Engineering Corp. and United Fruit Company were brought in as additional respondents. At the conclusion of the libellant's case all the respondents rested. The libel was dismissed for failure of proof against all but Turbine Engineering Corp. and United Fruit Company. These two respondents were given leave to amend their answers to plead the defense of laches and the statute of limitations, and the libel was dismissed as to them on the ground of the laches.[1] The appeal questions only the dismissal as to Turbine Engineering and United Fruit.

Although the appellant now asserts liability against only the last two named respondents, it seems desirable in the interest of clarity to summarize the facts found by the trial judge, none of which is disputed, with respect to all the parties. The steamship was owned by the United States, was assigned to Danish Ship Operating Corporation under the standard form of general agency agreement, and was to be converted from a cargo to a refrigerator type of vessel. Pursuant to a contract between the United States and Turbine Engineering the latter was engaged as the general contractor to do the work of conversion. Turbine Engineering subcontracted the carpentry work to Chelsea and the work of rigging to Robert Banks & Company, by whom the libellant, John J. Redman, was employed as a rigger. United Fruit was under contract with the War Shipping Administration to supervise the installation of the refrigerating equipment, and also the berthing of the vessel which was moored at its pier in the North River. The wooden scaffolding, whose collapse caused Redman's injuries, had been erected by Chelsea, and at 8 P.M. on the day preceding the accident it was in a safe and secure condition. Without reciting the evidence it will suffice to say that it was

[1] Finding 18 states that leave to amend their answers was granted to both United Fruit Company and Turbine Engineering Corp. although the appellant notes that the record does not disclose that the latter made any such motion. We regard this of no moment. The court had previously taken under advisement motions by both respondents to reopen the case to indicate on the record that the suit was barred by the statute and by laches. Evidently the court treated this motion as equivalent to a motion to amend Turbine's answer and granted it.

such as to justify the inference that the broken and insecure condition of the scaffold at the time of the accident was caused by the handling of the mooring lines when the vessel was shifted to another berth at the same pier on the morning of July 25, 1944. The vessel was a "dead ship" at that time and the shifting was done by United Fruit and tugs acting under its orders. The shifting operation was started at 7:05 A.M. and was completed at 8:10 A.M. before Redman or any other workmen went aboard. The accident happened at 8:20 A.M. When Redman stepped upon the scaffold, a plank which had been torn loose by the mooring operation, tilted and caused him to fall to the deck of the ship.

■ The appellant asserts liability against Turbine Engineering upon the theory that, as an employee of a subcontractor, his relation to the general contractor was that of an invitee or business visitor to whom the general contractor owed the duty of furnishing a reasonably safe place in which to work. The general contractor answers that since the dangerous condition was not created by it and had existed for so short a time that it had neither actual knowledge of the danger, nor opportunity by the exercise of reasonable care to discover its existence, no breach of duty on its part was proven.[2] We think this contention is sound and that dismissal as against Turbine Engineering may be rested on this ground, regardless of the defense of laches.

■ There remains for consideration the question whether dismissal as against United Fruit is supportable on the ground of laches. The libellant did not move until November 21, 1947 to bring into the suit Turbine Engineering and United Fruit and did not file his amended libel naming them as respondents until November 26, 1947. This was three years and four months after the accident. The New York statute of limitations requires actions for personal injuries to be commenced within three years. N. Y. Civil Practice Act, § 49(6). In applying the doctrine of laches courts of admiralty customarily follow the analogy of the state statute of limitation and hold the claim barred unless the libellant shows special circumstances that excuse the delay.[3]

■ The appellant argues that laches is an affirmative defense which must be seasonably pleaded and supported by proof that the respondents were prejudiced by the delay. In this he is mistaken when the libel itself discloses that the statute of limitation has already run. It is then incumbent on the libellant to plead and prove facts negativing laches or tolling the statute.[4] Detriment to the adverse party is presumed from delay for the statutory period unless the contrary be shown.[5]

■ It is argued that the delay should be excused because the libellant did not actually know of the possible liability of Turbine Engineering and United Fruit until October 2, 1947, when Chelsea filed answers to interrogatories propounded by him on May 2, 1947. But the trial court found that the libellant was put on inquiry at least as early as May 21, 1947, which was two months before the statutory period ran out, and correctly ruled that ignorance of facts material to a claim will not preclude the application of the doctrine of laches when ignorance is due to failure to make such inquiry as the circumstances reasonably

[2] See Guerrini v. United States, 2 Cir., 167 F.2d 352, 356, certiorari denied 335 U.S. 843, 69 S.Ct. 65; Goodman v. Silverman, 231 App.Div. 84, 85, 246 N.Y.S. 319; Rudger v. Mucklon Holding Co., Inc., 240 App.Div. 188, 190, 269 N.Y.S. 723; Bravado v. Murray, 257 App.Div. 271, 272, 12 N.Y.S.2d 893; affirmed 283 N.Y. 619, 28 N.E.2d 29.

[3] Schiavone-Bonomo Corp. v. Buffalo Barge Towing Corp., 2 Cir., 132 F.2d 766, 767; Hughes v. Roosevelt, 2 Cir., 107 F.2d 901, 902; The Sydfold, 2 Cir.,

86 F.2d 611, 612; Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200, 203; Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551, 552.

[4] The Sydfold, 2 Cir., 86 F.2d 611, 612; Hughes v. Roosevelt, 2 Cir., 107 F.2d 901, 902.

[5] M'Grath v. Panama R. Co., 5 Cir., 298 F. 303, 304; Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551, 552.

suggest. Winn v. Shugart, 10 Cir., 112 F.2d 617, 622. We agree that no special circumstances were shown sufficient to excuse the libellant's laches.

However, the laches point was not suggested by any one until after the libellant had rested; it was first raised by counsel for United Fruit while discussing the time for filing briefs. Had it been raised sooner conceivably the libellant might have been able to furnish proof of facts that would have tolled the statute of limitation or excused his apparent laches. Libellant's proctor did not ask leave to reopen the case for such proof, mistakenly thinking that this burden was the respondents', but his brief now requests the opportunity to submit it, if such proof is deemed necessary. We are willing to allow him to do so, as was done in The Sydfold, 2 Cir., 86 F.2d 611 and Hughes v. Roosevelt, 2 Cir., 107 F.2d 901. Accordingly the decree dismissing the libel is affirmed, but with the right to the libellant to file an amended libel as against United Fruit Company within a time to be fixed by the District Court.