## WILSON
### v.
## NORTHWEST MARINE IRON WORKS.
### No. 13521.

United States Court of Appeals, Ninth Circuit.
May 5, 1954.

Hicks, Davis & Tongue, Edwin D. Hicks, William M. Dale, Jr., Portland, Or., for appellant.

Phillips, Coughlin, Buell & Phillips, Norman L. Easley, James K. Buell, H. H. Phillips, Portland, Ore., for appellee.

BEFORE STEPHENS, HEALY and POPE, Circuit Judges.

HEALY, Circuit Judge.

In 1944 appellee contracted with the War Shipping Administration to make repairs on the Russian-owned ship Minsk, then lying at the Portland, Oregon, water front. It subcontracted certain of the work, namely electrical repairs, to the Marine Electric Company, appellant's employer. On April 23 of that year, while working at the assigned task aboard the Minsk, appellant suffered severe injuries from falling through an open hatch, and was hospitalized for the ensuing two and a half months. In the autumn of 1944 he arranged with William P. Lord, a well-known and capable admiralty attorney of Portland, to handle any rights he might have growing out of the accident.

In September 1948 Mr. Lord died, and shortly after his death appellant learned that no suit had been instituted. A year later, in September 1949—some five years and five months subsequent to the injury—suit for damages was filed against appellee. The issues litigated were whether appellant was guilty of laches, and whether his injury arose out of negligence chargeable to appellee.

Without passing on the latter issue, the court entered a judgment for appellee on the ground that the suit was barred by laches. This appeal followed.

 The Oregon statute relating to actions for personal injuries requires that they be brought within two years. Section 1–206 O.C.L.A. In applying the doctrine of laches courts of admiralty customarily follow the analogy of the state statute of limitations and hold the claim barred unless the libellant shows special circumstances excusing the delay. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200; Redman v. United States, 2 Cir., 176 F.2d 713. It is further the rule that when the libel discloses that the statute has already run it becomes incumbent on the libellant to plead and prove facts negativing laches or tolling the statute. "Detriment to the adverse party is presumed from delay for the statutory period unless the contrary be shown." Redman v. United States, supra, 176 F.2d at page 715. Such is the rule in this circuit, also. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., supra. And to the same effect see Kane v. Union of Soviet Socialist Republics, 3 Cir., 189 F.2d 303.

 In the case before us the court found no exceptional or extraordinary circumstances which would constitute a legal or equitable excuse for the delay in bringing the libel, and appellant does not contend that there were any. Further, it found that the delay was prejudicial to appellee in several particulars. One of these was that material witnesses (apparently members of the crew of the Minsk) had become unavailable, and another was that the testimony of witnesses who appeared had become hazy, vague, and unclear. Appellant claims that there is nothing whatever in the record to support either finding.

As to the first of them, there is testimony indicating the probability that while the Minsk had departed Portland within a matter of days after the accident, the vessel had returned there on a number of occasions at intervals thereafter. Appellant argues that whether or not this is true the crew members would have had nothing material to offer in the way of evidence. Argument, however, is not proof; and appellant did not undertake to shoulder his burden of showing that the absence of these people resulted in no prejudice.

Turning to the second specification mentioned, it is naturally impossible for this court, with nothing before it but the cold record, to recreate the atmosphere of the trial, or to appraise the attitude, demeanor, or probable state of mind of the witnesses while giving their testimony. These are peculiarly matters for the trial judge to gauge. Instances, however, do appear in the record of failure of recollection professed by one or more witnesses as to material points.

The judgment is affirmed.