**Jack Paul BROWN, Appellant,**

v.

**Dean KAYLER, Chris Dahl and John Doe, d/b/a Kayler-Dahl Fish Company, Appellees.**

**No. 16292.**

United States Court of Appeals
Ninth Circuit.

Dec. 21, 1959.

12. Bucklin v. United States, 1895, 159 U. S. 682, 16 S.Ct. 182, 40 L.Ed. 305; Ko-

sak v. United States, 3 Cir., 1931, 46 F. 2d 906.

Ziegler, Ziegler & Cloudy, Ketchikan, Alaska, for appellant.

Ralph E. Robertson, Frederick O. Eastaugh, Juneau, Alaska, for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Libelant [appellant] instituted this action in admiralty to recover damages for personal injuries claimed to have been suffered in an accidental fall on respondents' [appellees'] power barge Homer while in the navigable waters of the North Pacific Ocean.

The only question presented on this appeal is whether the trial court erred in sustaining appellees' exceptions to appellant's second amended libel and entering its decree dismissing the same on the ground of laches.

Appellant's claimed injuries were suffered on September 27, 1954. On September 18, 1956 appellant instituted an action at law to recover damages for the claimed injuries sustained on September 27, 1954. Section 55–2–7, A.C.L.A.1949 provides that an action for any injury to

the person or the rights of another not arising from contract shall be brought within two years from the date of suffering such injury. It appears that such suit was brought against a corporation which had been dissolved some time prior to September 27, 1954. Apparently this suit was dismissed more than two years from the date on which appellant suffered his claimed injuries. Apparently appellant concluded that he was precluded by the two-year statute from instituting another action at law against other parties to recover damages for his claimed injuries.

On November 29, 1956 appellant instituted this suit in admiralty. Exceptions were filed by appellees, and appellant filed an amended libel. Exceptions were filed to the amended libel, and the trial court granted appellant permission to file his second amended libel.

The second amended libel, as did the amended libel, contains allegations of excuse for failure to file the suit within two years from the date on which appellant suffered his claimed injuries. Exceptions were filed to the second amended libel which in substance alleged laches on the part of appellant in not filing his suit within two years from the date on which he suffered his claimed injuries, and that the allegations of excuse for failure to do so were insufficient to constitute a valid excuse.

Appellant concedes the fact that the libel was not filed within the two-year period, and such fact appears on the face of the second amended libel. To excuse his failure to file the suit within the two-year period appellant makes no contention that such delay was in any manner attributable to appellees. The delay rested entirely upon the appellant and the reasons for such delay were matters with which the appellant was alone concerned. The reasons for the delay set forth in appellant's second amended libel may be summarized as follows: That appellant is an Indian, unfamiliar with legal matters; that when he was first injured appellant consulted counsel other than his present proctors; that said counsel

prepared, but did not file, a complaint for his injuries; that said complaint was framed against a corporation; that said complaint was furnished to appellant's present proctors who had reference thereto in preparing suit under the Alaska two-year statute; that before filing the suit which was later dismissed, appellant's present proctors failed to discover that the corporation named as defendant had been dissolved prior to the occurrence of appellant's claimed injuries; that before discovering the names of the true owners of the power barge Homer the two-year period for filing an action at law had expired, and appellant could not refile the same; that appellees were not prejudiced by the delay in filing the present action; and that appellant wished to delay commencement of the suit as long as possible in order to determine the extent of his injuries.

In dismissing appellant's second amended libel, the trial court inter alia stated "A careful reading of the second amended libel does not disclose to this Court any facts pleaded, which, if proven, would be sufficient to excuse the delay in filing this action, nor does it disclose any new facts which, if proven on the trial, would overcome the presumption of prejudice which exists * * *"

"None of the matters stated in the second amended libel is sufficient to excuse libelant's failure to file his libel within the period allowed by the statute of limitations, and no facts are pleaded therein which would overcome the presumption of prejudice cloaking the respondents."

Appellant contends that the trial court erred in determining the question of laches on the exceptions filed by appellees, and that the doctrine of laches cannot be applied unless it is shown that the appellees were prejudiced by the delay.

■ In his first contention, appellant overlooks the fact that it appears on the face of the second amended libel that the two-year statute for filing an action at law had expired before the filing of this action in admiralty. In such a situation

the objections to the delay may be raised by exceptions. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200. This Court stated, at page 202:

"The propriety of exceptions and exceptive allegations to present to the court the fact that a claim is stale, has been repeatedly recognized. * * *

"A fortiori, if the facts showing staleness appear on the face of the plaintiff's pleadings, the defendant should be able to urge the defense of laches by exceptions or exceptive allegations."

See also United States Shipping Board Emergency Fleet Corp. v. Rosenberg Brothers & Co., 276 U.S. 202, where the Court stated at page 214, 48 S.Ct. 256, at page 258, 72 L.Ed. 531:

"And although, as the libelants point out, this [that the action was not instituted within the period prescribed] was not 'pleaded in any of the answers,' it was aptly and sufficiently pleaded in the exceptions to the libels, which correspond to demurrers in actions at law."

In The Sydfold, 2 Cir., 86 F.2d 611, at page 612 the Court stated:

"The applicability of the two-year statutory bar and laches on the part of libelant was raised by exceptions to the libel. It is argued on appellant's behalf that the statute of limitations could only be invoked by answer and not on exceptions. But, when a bill in equity or a libel sets forth facts which show that the statute has run, a defendant may take advantage of the statute by demurrer or on exceptions. The same rule applies to bills of complaint or libels where it appears on the face of the pleadings that the party bringing suit has been guilty of laches. Mercantile National Bank v. Carpenter, 101 U.S. 567, 25 L.Ed. 815; Lansdale v. Smith, 106 U.S. 391, 1 S.Ct. 350, 27 L.Ed. 219; Chemung Canal

Bank v. Lowery, 93 U.S. 72, 23 L.Ed. 806; Hays v. Port of Seattle, 251 U.S. 233, 238, 40 S.Ct. 125, 64 L. Ed. 243; Young v. Southern Pac. Co., 2 Cir., 34 F.2d 135, 137; Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200; Stampalia v. Murphy, D.C.Pa., 34 F. 2d 660, 661."

We hold that since the fact that the two-year limitation period had expired appears on the face of the second amended libel that laches could be raised by exceptions. We further hold that in the absence of allegations in the second amended libel of facts or circumstances which would constitute a valid excuse for the delay and thereby render the application of the doctrine of laches inequitable the trial court could properly dismiss the second amended libel without a trial.

Furthermore, the burden is upon the appellant to plead facts which would constitute a valid excuse for the delay. As stated in Redman v. United States, 2 Cir., 176 F.2d 713, at page 715:

"The appellant argues that laches is an affirmative defense which must be seasonably pleaded and supported by proof that the respondents were prejudiced by the delay. In this he is mistaken when the libel itself discloses that the statute of limitations has already run. It is then incumbent on the libellant to plead and prove facts negativing laches or tolling the statute.[4] Detriment to the adverse party is presumed from delay for the statutory period unless the contrary be shown.[5]

"[4] The Sydfold, 2 Cir., 86 F.2d 611, 612; Hughes v. Roosevelt, 2 Cir., 107 F.2d 901, 902.

"[5] M'Grath v. Panama R. Co., 5 Cir., 298 F. 303, 304; Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551, 552."

Under appellant's second contention that the trial court erred in dismissing appellant's second amended libel be-

cause appellees failed to show that they were prejudiced by appellant's delay in instituting suit, it appears to us that the law is well settled in this Circuit and elsewhere, contrary to appellant's contention. In Wilson v. Northwest Marine Iron Works, 9 Cir., 1954, 212 F.2d 510, 511, this Court stated:

"In applying the doctrine of laches courts of admiralty customarily follow the analogy of the state statute of limitations and hold the claim barred unless the libellant shows special circumstances excusing the delay. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200; Redman v. United States, 2 Cir., 176 F.2d 713. It is further the rule that when the libel discloses that the statute has already run it becomes incumbent on the libellant to plead and prove facts negativing laches or tolling the statute. 'Detriment to the adverse party is presumed from delay for the statutory period unless the contrary be shown.' Redman v. United States, supra, 176 F.2d at page 715. Such is the rule in this circuit, also. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., supra. And to the same effect see Kane v. Union of Soviet Socialist Republics, 3 Cir., 189 F.2d 303."

■ We find it unnecessary to discuss the cases cited by appellant in which the trial courts, after holding that the excuses for delay pleaded were insufficient, permitted the filing of amended pleadings. In the instant case the trial court permitted the filing of a second amended libel. Appellant was granted all reasonable opportunity to plead facts which would or might constitute a valid excuse for the delay. It must be assumed that the second amended libel presented appellant's case in its most favorable light.

Nor would it serve any useful purpose to discuss cases cited by appellant in which trial and appellate courts held that the excuses pleaded were sufficient as a matter of law to overcome the presumption of prejudice arising from delay extending over the period of the analogous statute of limitations. Each case must be determined according to its own particular circumstances, and it is rare to find the circumstances in one case to be exactly the same as the particular circumstances of another case.

■ Finally, appellant urges that we remand the case to the district court and permit appellant an amendment to the second amended libel. This request is based on appellant's suggestion that possibly the statute of limitations was tolled because of the possible absence of appellees from the jurisdiction of the trial court during a portion or portions of the statutory two-year period. No hint of such possibility appears in the amended libel or the second amended libel. It is true that a similar suggestion was contained in the closing brief filed by appellant with the trial court. No facts supporting such a suggestion are presented to us, nor were any presented to the trial court. It is to be borne in mind that over five years have elapsed since the occurrence of appellant's claimed injury. Appellant had almost four years prior to the order of the trial court dismissing the second amended libel in which to secure such facts if in existence. It is clear that appellant has not exercised the diligence required of a reasonably prudent person. Appellant could have discovered several years ago if facts existed which would interrupt the running of the statute of limitations. His failure to do so can only be attributable to his lack of diligence.

The trial court determined that the excuses pleaded were insufficient as a matter of law to constitute a valid excuse for appellant's failure to file the libel within the two-year period. Viewing the allegations in the light of all of the circumstances disclosed by the record, we agree with the conclusion of the trial court.

The decree of the trial court dismissing the appellant's second amended libel is affirmed.