Frank PATON, Libelant,

v.

AMERICAN PRESIDENT LINES, LTD., a corporation, Respondent.

No. 28752.

United States District Court
N. D. California, S. D.

July 30, 1963.

Martin J. Jarvis, San Francisco, Cal., represented libelant.

The firm of Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., represented respondent.

SWEIGERT, District Judge.

The libel in this action alleges that on November 7, 1959, libelant was injured aboard the SS President Arthur, while performing his duties as a longshoreman employed by Marine Terminals Corporation, by reason of the unseaworthy condition of the ship. The libel also alleges that a written agreement existed between libelant's employer and respondent whereby respondent warranted to libelant and to libelant's employer that respondent shall provide a safe and seaworthy ship.

Respondent excepts to the libel upon the ground that from the face of the libel it appears that three years, three months and four days elapsed from the time of the alleged injury to the filing of this libel on February 11, 1963 and that the cause of action is, therefore, barred by laches.

█ In actions brought under the general maritime law there is no statute of limitations and whether or not any such action is barred depends upon the doctrine of laches. Although state statutes of limitations do not control in admiralty on the question of laches, an admiralty court commonly applies analogous state statutes of limitations prevailing in the state where the admiralty court is sitting, as a guide. Benedict on Admiralty (6th Ed. p. 293).

Respondent contends that the analogous statute of limitations applicable to admiralty suit for personal injuries due to unseaworthiness is Sec. 340(3) of the California Code of Civil Procedure which provides a one year statute of limitations for an action for death or injury caused by the wrongful act or neglect of another.

It has been so held in the Tulsagas, 1931 A.M.C. 122 (N.D.Calif.).

Federal courts in most jurisdictions have held that actions for personal injuries, whether based on negligence or unseaworthiness, fall under state tort statutes of limitations concerning personal injuries rather than under any state contract of limitations. See Wilson v. Northwest Marine Iron Works (9th Cir.), 1954, 212 F.2d 510.

That the California legislative intent behind Sec. 340(3) was not to restrict its coverage to tort actions independent of any contractual relation, but to provide a limitation of one year where death or personal injury results, regardless of the tort, contract or breach of express or implied warranty aspect of the case, has been held in Rubino v. Utah Canning Co., 123 Cal.App.2d 18, 266 P.2d 163, 168 (1954) wherein the one year limitation of Sec. 340(3) was applied to an action for personal injury arising out of alleged breach of implied warranty of fitness rather than the two year limitation provided by Sec. 339(1) for actions brought upon a contract, obligation or liability not founded on an instrument in writing.

█ By the same reasoning Sec. 340 (3) would be applicable to an action for death or personal injury regardless of any written contract aspect of the case otherwise subject to C.C.P. Sec. 337(1) providing a four year limitation for actions founded upon any contract, obligation or liability founded upon an instrument in writing.

In view of libelant's failure to allege any exceptional circumstances to justify

otherwise, the Court will follow and apply the analogous California Statute of Limitations, C.C.P. Sec. 340(3).

The exceptions to the libel will be, therefore, sustained.