Gilbert ORTEGA, Plaintiff,

v.

COMPAGNIE GENERALE TRANSAT-LANTIQUE, a corporation, Defendant.

COMPAGNIE GENERALE TRANSAT-LANTIQUE, a corporation, Third-Party Plaintiff,

v.

CRESCENT WHARF & WAREHOUSE COMPANY, a corporation, Third-Party Defendant.

No. 65–560.

United States District Court
S. D. California,
Central Division.

March 14, 1966.

Spivey & Brown, Wilmington, Cal., for plaintiff.

Lillick, Geary, McHose & Roethke, John F. Kimberling, Samuel A. Keesal, Jr., Los Angeles, Cal., for defendant, Compagnie Generale Transatlantique.

Sikes, Pinney & Matthew, Los Angeles, Cal., for third-party defendant, Crescent Wharf & Warehouse Co.

## ORDER

BYRNE, District Judge.

On March 11, 1964, plaintiff was employed as a longshoreman by the third party defendant and alleges he was injured while assisting in discharging the cargo from a ship owned by the defendant; that following the accident he informed his foreman of his injury and a written report was made stating, "Stepped on Pipe and Twisted Left Ankle"; that this report was delivered to the agent of the defendant on March 20, 1964, after the ship had left the port of Wilmington. The plaintiff also reported the accident to his union. On April 9, 1965, (one year and 29 days after the alleged accident) this action was filed.

That following oral argument, affidavits and memorandums filed by the parties, the matter was submitted to the court upon the defendant's defense of laches, and it appearing to the court that:

(1) the generally accepted rule followed in this Circuit is that the burden in proving laches is originally upon the defendant but shifts to the plaintiff when an analogous state statute of limitations period has run. Wilson v. Northwest Marine Iron Works, 212 F.2d 510 (C.A.9); Brown v. Kayler, 273 F.2d 588 (C.A.9);

(2) in order to avoid laches the plaintiff must show exceptional circumstances to excuse his delay or must rebut the presumption that the defendant has been prejudiced by the delay. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 73 F.2d 200 (9th Cir.); Wilson v. Northwest Marine Iron Works, supra; Brown v. Kayler, supra;

(3) in the instant case the only allegations to excuse the delay are that the plaintiff was ignorant as to his right to sue; that the plaintiff reported to his foreman and to his union that he had had an accident and twisted his ankle;

(4) the circumstances relied upon by the plaintiff are not sufficiently exceptional to excuse the delay;

(5) that the facts alleged in Brown v. Kayler, supra, demonstrate much greater diligence than our case but were held insufficient to constitute a valid excuse;

(6) in the instant case there is no allegation of fault on the part of the defendant concerning the matter of delay; no allegation to attempt to take any legal action within the proper period; the report filed with the defendant's agent does not indicate a potential lawsuit, but rather describes what would seem to be a routine minor injury;

(7) under the law as pronounced in the Ninth Circuit, the allegations of the complaint and the affidavits filed, the defense of laches must be upheld;

Now, therefore, it is ordered that the action is dismissed.

It is further ordered that the clerk of the court this day serve a copy of this order by United States mail upon the attorneys appearing in this action.