Eddie CRISTANELLI, Plaintiff,

v.

UNITED STATES LINES and United States of America, Defendants.

No. CV 75–3942–AAH.

United States District Court,
C. D. California.

May 18, 1977.

John A. Marin by John J. Resich, Jr., Los Angeles, Cal., for plaintiff Eddie Cristanelli.

Lillick McHose & Charles by Nancy R. Schauer, Los Angeles Cal., for defendant United States Lines.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

### FINDINGS OF FACT

1. On November 21, 1975, Plaintiff filed in this court a Complaint for Personal Injuries. He named as Defendants United States Lines, a corporation, and the United States of America. He alleged that on or about November 22, 1974, he was employed by a stevedore company, Marine Terminals Corporation, to work as a longshoreman on board the United States Lines Vessel, AMERICAN CHAMPION. Plaintiff alleged that while working as a longshoreman on board the vessel on navigable waters of the United States, he suffered personal injuries as a result of the negligence of the Defendants.

2. After the Complaint was filed, Plaintiff's counsel sent to the United States Marshal two copies of it and with each he sent one summons. One summons was directed to United States Lines and one was directed to the United States of America. However, Plaintiff's counsel, John Marin, negligently failed to send with the summons and complaints any instructions for service. In accordance with its standard policy which has long been known to all attorneys practicing in the United States District for the Central District of California, and which were known to Mr. Marin, the Marshal refused to serve the summons and complaints because there were no instructions. In accordance with announced policy, on February 18, 1975, the United States Marshal for the Central District of California stamped the Summons and Complaint "RETURNED NOT EXECUTED. REASON: No Instructions Received."

3. Plaintiff's counsel did nothing until May 28, 1976, when he filed instructions with the U.S. Marshal requesting the United States of America be served with the summons and complaint. No instructions were filed for Defendant, United States Lines.

4. On June 22, 1976, the United States of America was served with the summons and complaint.

5. On September 14, 1976, Plaintiff dismissed the action against the United States of America. He did nothing concerning Defendant United States Lines.

6. On October 5, 1976, the Deputy Clerk of the Honorable A. Andrew Hauk, District Judge, filed a Notice of Hearing Re Dismissal for Want of Prosecution (Local Rule 10).

7. On October 15, 1976, Plaintiff filed a Motion in Opposition to Dismissal under Local Rule 10 and included affidavits of Irene Shoemaker and John A. Marin. The affidavit of Irene Shoemaker stated that she had instructed the U.S. Marshal "to serve the defendants in this case, UNITED STATES LINES, UNITED STATES OF AMERICA." This was not true. The instructions to the U.S. Marshal, dated May 28, 1976 and signed by Plaintiff's attorney, only instructed the U.S. Marshal to serve the Government Defendant, United States of America, and only one summons was issued by the clerk.

8. On October 19, 1976, Plaintiff finally served Vijay Vakil, a manager with United States Lines, with a summons and complaint, nearly two years after the alleged incident.

9. Since an answer is required to be filed twenty (20) days after service of a summons and complaint, the earlier failure to serve Defendant, United States Lines, was not due to inadvertence by Plaintiff's counsel. Plaintiff failed to serve Defendant, United States Lines, when the Complaint was first filed, when later notified that Marshal's instructions were missing, when the Government Defendant, United States of America was served, and when the United States of America was dismissed from the action. Not until this Court filed its own Notice of Hearing Re Dismissal for Want of Prosecution (Local Rule 10) did Plaintiff finally serve Defendant, United States Lines.

10. Until October 19, 1976, neither Defendant, United States Lines, nor Defendant's counsel had any knowledge of the alleged injury to Plaintiff.

11. Although it is not necessary that a defendant be prejudiced when the Plaintiff has failed to prosecute the action with reasonable diligence, the Defendant in this case was seriously prejudiced by Plaintiff's failure to serve it until almost two years after the alleged incident. Defendant was unable to investigate the incident at the time it occurred, examine the machinery involved, or interview witnesses and Plaintiff. It will be difficult to locate the witnesses two years later and their memories will certainly be less clear. It will be especially difficult and costly to locate, contact, and interview the ship's employees since the ship itself is presently travelling between the U.S. East Coast and Europe. The ship has no present intention of returning to the U.S. West Coast. Defendant, United States Lines, has been unable to engage in discovery with the Government Defendant since it was served and dismissed from the action before the United States Lines was even served.

12. Exhibit B to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Dismissal (Plaintiff's Opposition) is a Report of Survey done by J. A. Jacobson & Associates, Inc., who were employed by the stevedoring contrac-

tor [not the shipowner] to investigate the incident. The entire report is concerned with the damage to shoreside crane and cargo still ashore. Nowhere is there any mention of stevedore employees being injured, nor is there any proof that this property damage report was sent to the shipowners.

13. On its face, Exhibit C to Plaintiff's Opposition purports to be a letter purportedly sent to the captain of the vessel, not the shipowner. There is no proof it was sent, mailed or delivered to the captain or that a copy was even to be sent to Defendant, United States Lines. It merely states that two employees of the stevedore were injured. Moreover, the letter is hearsay, and there is no indication that the shipowner was negligent, liable, or about to be sued, or that the accident was due to anything more than the negligence of the employee or his employer, the stevedoring contractor. Exhibit C is not authenticated by any supporting affidavit or evidence.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to Title 28, United States Code § 1332(a)(2) and the Public Vessel's Act, 46 U.S.C. § 781 *et seq.,* and the suits in Admiralty Act, 46 U.S.C. § 742, *et seq.*

2. Federal Rule of Civil Procedure 41(b) provides in pertinent part:

"(b) Involuntary dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."

3. Since Congress has not established a time limit within which a longshoreman must commence a maritime claim

for personal injury, the United States Supreme Court adopted the equitable doctrine of laches to impose a time limit within which such actions must be commenced. *Young v. Key City,* 81 U.S. (14 Wall) 653, 20 L.Ed. 896, 988 (1872); *Longfellow v. Presidente Miguel Alaman,* 36 Cal.App.3d 508, 111 Cal.Rptr. 643 (1974). The courts look to the analogous state statute of limitations which in California is one year. California Code of Civil Procedure, § 340(3) (1975). *Longfellow, supra* at 514–515, 111 Cal.Rptr. 643.

4. When the analogous state statute of limitation has run, the burden shifts to the plaintiff to plead facts negating the defense of laches. A presumption of prejudice is created and the plaintiff must show exceptional circumstances to excuse the delay and that defendant was not prejudiced thereby. See *Brown v. Kayler,* 273 F.2d 588, 591 (9th Cir. 1959); *Longfellow, supra* 36 Cal.App.3d at 515, 111 Cal.Rptr. 643.

■ 5. The failure to prosecute diligently is sufficient by itself to justify an involuntary dismissal of the action. *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976).

■ 6. Failure to follow through with proper service is a failure to prosecute. *DiCostanzo v. Chrysler Corp.,* 71 F.R.D. 223, 224 (D.C.1976). Plaintiff failed to serve Defendant, United States Lines, until almost one year after the action was filed and almost two years after the alleged injury occurred.

■ 7. Where plaintiff is presently prosecuting a claim with reasonable diligence, an action cannot be dismissed simply because at some earlier time plaintiff failed to act with diligence. See *United States v. Myers,* 38 F.R.D. 194, 197 (D.C.1964). However, here Plaintiff has failed to show that he is presently prosecuting his claim with reasonable diligence and in fact, is not prosecuting his claim with reasonable diligence. Since October 19, 1976 when the United States Lines was finally served, Plaintiff has made no attempt to settle the claim nor has he engaged in any discovery whatsoever.

■ 8. A presumption of prejudice arises from a failure to prosecute. This presumption is rebuttable but even if there is a showing that no actual prejudice occurred, it is merely a fact to be considered in determining whether the trial court's exercise of discretion was sound. See *Air West, supra,* at 524, 525.

■ 9. It is improper for an attorney to wait until after a complaint has been filed to determine whether he has a valid claim against some of the named defendants. See *Air West, supra* at 525. The pleadings contain no explanations for the delay in the service of process.

10. A delay in serving a complaint is a particularly serious failure to prosecute because it affects all of the defendant's preparation. *Air West, supra,* at 525.

■ 11. To delay filing the Complaint until immediately prior to the running of the statute of limitations undercuts the purposes served by the statute. Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims. Even though Plaintiff filed his complaint on the last day of the year following his injury, to permit a delay in service would undercut the purposes served by the statute of limitations where a defendant is entitled to expect that he will no longer have to defend against the claim. See *Air West, supra* at 525.

12. Plaintiff has failed to meet his burden of pleading facts negating the defense of laches.

13. Accordingly, Defendant is entitled to a dismissal with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6).