[Civ. No. 62256. Second Dist., Div. One. Nov. 30, 1981.]

JOHN PONCE, Plaintiff and Appellant, v.
GRACEOUS NAVIGATION, INC., Defendant and Respondent.

---

**COUNSEL**

Richard Devirian for Plaintiff and Appellant.

Lillick, McHose & Charles, Gordon K. Wright, Patrick G. Rogan and Michael J. Faber for Defendant and Respondent.

## OPINION

## SPENCER, P. J.—

### INTRODUCTION

Plaintiff John Ponce appeals from an order of dismissal entered after the trial court sustained without leave to amend defendant Graceous Navigation, Inc.'s demurrer to plaintiff's second amended complaint on the ground that the action was barred by laches.

### STATEMENT OF FACTS[1]

Allegations in the Second Amended Complaint are as follows:

(1) On September 22, 1977, plaintiff was injured while employed as a longshoreman aboard defendant's vessel *Graceous*. His injury resulted from the negligence of the vessel owner in maintaining safe and effective equipment, as well as allowing hazardous work conditions to prevail.

(2) Plaintiff filed a complaint against defendant on June 12, 1980, approximately 33 months after his cause of action accrued. Plaintiff was excused from filing his action in a more timely fashion inasmuch as he consulted attorneys within six weeks of the accident and understood that they were pursuing an action against the vessel; thereafter, the severity of his injuries and two resulting surgeries prevented him from maintaining normal contact with his attorneys by consuming his mental energies. Plaintiff was further excused from a more timely assertion of his rights in that defendant's vessel was owned by a foreign corporation and departed from California waters shortly after the accident.

---

[1]A demurrer admits all material facts properly pleaded and all reasonable inferences which can be drawn therefrom, but does not admit contentions, deductions or conclusions of fact or law alleged in the complaint. (See *Glaire v. La Lanne-Paris Health Spa, Inc.* (1974) 12 Cal.3d 915, 918 [117 Cal.Rptr. 541, 528 P.2d 357]; *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].)

(3) Moreover, defendant suffered no prejudice from plaintiff's delay by virtue of the following facts: (a) the crew and longshore personnel are available for testimony; (b) the vessel's logs are in existence; (c) the slope of the hatch on the vessel remains as it was on the date of the accident and is available for observation; (d) defendant or its agent received the stevedore accident report shortly after plaintiff's accident; and (e) all accident reports and statements to physicians remain available.

CONTENTIONS

I

Plaintiff contends that the trial court erred in applying the doctrine of laches in that the Statute of Limitations for Maritime Torts (46 U.S.C. § 763a), enacted October 6, 1980, eliminated the doctrine as applied to longshoreman negligence actions brought against vessel owners.

II

Plaintiff further asserts that, in the event the doctrine of laches does apply, it is the three-year limitation of the Jones Act (46 U.S.C. § 688) to which the court should have looked, rather than the analogous state statute of limitation.

III

Finally, plaintiff avers that the trial court erred in finding that the second amended complaint failed to state facts which, if proven, would constitute excusable delay and establish a lack of prejudice to defendant.

DISCUSSION

██ The instant appeal involves a maritime tort occurring on navigable waters; accordingly, it is governed by general maritime law. (*Intagliata* v. *Shipowners & Mer. etc. Co.* (1945) 26 Cal.2d 365, 371 [159 P.2d ].)

I

Plaintiff contends that the trial court erred in applying the doctrine of laches in that the Statute of Limitations for Maritime Torts (46

U.S.C. § 763a), enacted October 6, 1980, eliminated the doctrine as applied to longshoreman negligence actions brought against vessel owners. Inasmuch as we are unable to accord plaintiff the retroactive benefit of the Statute of Limitations for Maritime Torts, we find it unnecessary to reach the substantive merits of the contention.

As a general rule, legislation looks to the future and is prospective in application. (*Greene* v. *United States* (1964) 376 U.S. 149, 160 [11 L.Ed.2d 576, 584, 84 S.Ct. 615]; *Soria* v. *Oxnard School District Board of Trustees* (9th Cir. 1972) 467 F.2d 59, 60 [16 A.L.R.Fed. 944].) Accordingly, "no statute is to be given retroactive effect unless the Legislature has expressly so declared and this rule is not altered by the requirement that a statute be liberally construed to effect its objectives and promote justice. The Legislature is, of course, well acquainted with this fundamental rule and when it intends a statute to operate retroactively, it uses clear language to accomplish that purpose. [Citation.] The rule to be applied is the same with respect to all statutes and none of them is retroactive unless the Legislature has expressly so declared." (*Carr* v. *State of California* (1976) 58 Cal.App.3d 139, 147 [129 Cal.Rptr. 730]; see also *DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 173 [18 Cal.Rptr. 369, 367 P.2d 865].)

Section 763a of 46 United States Code is devoid of any expressed intention that it operate retroactively, simply stating: "Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued." Therefore, in accordance with the time-honored principle of statutory construction iterated above, we are constrained to deny plaintiff's cause of action, which arose more than three years prior to the enactment of section 763a, the retrospective benefit thereof.

## II

We cannot agree with plaintiff's assertion that it is the three-year limitation of the Jones Act (46 U.S.C. § 688), rather than the analogous state statute of limitation, to which the court should have looked in applying the doctrine of laches. *Longfellow* v. *Presidente Miguel Aleman* (1974) 36 Cal.App.3d 508 [111 Cal.Rptr. 643] considered and rejected this very contention, noting the established rule that reference is to be had to the analogous *state* statute of limitations in evaluating

whether delay is sufficient to invoke the doctrine of laches. (*Id.*, at p. 514; *Brown* v. *Kayler* (9th Cir. 1959) 273 F.2d 588, 592; *Cristanelli* v. *United States Lines* (C.D.Cal. 1977) 74 F.R.D. 590, 593.) Hence, the court reasoned, it is inappropriate to look to a federal statute such as the Jones Act, particularly in view of the dissimilarity between the circumstances in which the Jones Act applies—suits by seamen against their employers—and the circumstances in *Longfellow.* (36 Cal.App.3d at p. 514.) We find the reasoning of *Longfellow* persuasive; like the appellant therein, plaintiff is not a seaman and he is not suing his employer.

We are aware that the Fifth Circuit, in *Bush* v. *Oceans Intern.* (5th Cir. 1980) 621 F.2d 207, reached a result contrary to that of *Longfellow.* In concluding that a cause of action brought under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 901 et seq.) was not governed by state statutes of limitation, the court examined the legislative history and language of 1972 amendments to the act. The court found that the following observation from the Report of the House Education and Labor Committee counseled against the application of state statutes of limitation: "[T]he Committee does not intend that the negligence remedy authorized in the bill shall be applied differently in different ports depending on the law of the State in which the port may be located. The Committee intends that the legal questions which may arise in actions brought under these provisions of the law shall be determined as a matter of Federal Law." (H.R. Rep. No. 1441, 92d Cong., 2d Sess., reprinted in (1972) U.S. Code Cong. & Admin. News, pp. 4698, 4705.) Thus the court rejected the contention "that Congress intended, *sub silentio*, to jettison the admiralty principles of laches ...." (*Bush* v. *Oceans Intern., supra*, 621 F.2d 207, 210-211.) Without further analysis, the court held: "The analogous limitation period to be utilized in determining whether laches bars this action is the three-year Jones Act limitation." (*Id.*, at p. 211.)

We concur fully with *Bush's* conclusion that Congress did not intend, by amending the Longshoremen's and Harbor Workers' Compensation Act, to jettison the admiralty principles of laches; however, we consider the leap from that conclusion to application of the three-year Jones Act limitation to be unreasoned and unpersuasive. The long-established rule that analogous state statutes of limitation are to be employed under the doctrine of laches is an integral part of federal admiralty law which enjoys continued use in the Ninth Circuit. (See *Cristanelli* v. *United States Lines, supra*, 74 F.R.D. 590, 593.) Reference to analogous state

statutes thus does nothing to undermine Congress' expressed intent that negligence actions brought under the act shall be determined as a matter of federal law. Departure from the practice of reference to analogous state statutes would violate the principle, otherwise followed in *Bush,* that a change in status quo should not be inferred unless Congress has unmistakably indicated a wish to the contrary. (*Edmonds* v. *Compagnie Generale Transatl.* (1979) 443 U.S. 256, 273 [61 L.Ed.2d 521, 535, 99 S.Ct. 2753].) Accordingly, we conclude that the trial court was correct in looking to the one-year statute of limitation imposed on negligence actions by section 340 of the Code of Civil Procedure.

### III

There is no merit to plaintiff's averment that the trial court erred in finding that the second amended complaint failed to state facts which, if proven, would constitute excusable delay and establish a lack of prejudice to defendant.

*Excusable Delay*

In general, in order to prevail on a defense of laches, a party must establish the existence of inexcusable delay in bringing an action and resultant prejudice to the defense. (*McCune* v. *F. Alioto Fish Co.* (9th Cir. 1979) 597 F.2d 1244, 1249.) When the pleading discloses that the analogous state statute of limitation has run, the plaintiff bears the burden of pleading facts which, if proven, would negate laches or toll the statute. (*Brown* v. *Kayler, supra,* 273 F.2d 588, 592; *Wilson* v. *Northwest Marine Iron Works* (9th Cir. 1954) 212 F.2d 510, 511.) In order to excuse delay, a plaintiff must show exceptional circumstances prevented earlier action. (*Ortega* v. *Compagnie Generale Transatlantique* (S.D.Cal. 1966) 258 F.Supp. 430, 431.)

Plaintiff relies on the following circumstances to excuse a delay of approximately twenty-one months after the expiration of the analogous one-year California statute of limitation: (1) he consulted attorneys promptly; (2) thereafter, the severity of his injuries and two resulting surgeries occupied his mental energies and prevented him from maintaining normal contact with his attorneys; (3) the foreign-owned vessel on which he was injured left California waters shortly, and (4) the matter was reported promptly after the accident. It is significant that plaintiff pleads neither the physical or mental incapacity to communicate with his attorneys regarding the accident nor the unavailability of

the vessel for more than one year. The 2 surgeries to which plaintiff refers took place 11 months and 21 months, respectively, after the accident.

*Ortega* v. *Compagnie Generale Transatlantique, supra,* found insufficient excuse where a plaintiff, ignorant of his right to sue, had reported the injury to his foreman and union who tendered an accident report to defendant's agent nine days after the incident. *Brown* v. *Kayler, supra,* 273 F.2d 588 found insufficient excuse in the case of a plaintiff, unfamiliar with legal procedure, whose counsel did not discover the true owners of the vessel until after the expiration of the limitations period. Plaintiff pleads nothing more exceptional than the showing made in these two cases; the implication that the pain of his injuries turned his thoughts away from his legal remedies falls far short of the exceptional circumstances which the law requires.

### Lack of Prejudice

It is well settled that prejudice to the defendant is presumed from delay beyond the analogous limitations period. (*Brown* v. *Kayler, supra,* 273 F.2d 588, 592; *Wilson* v. *Northwest Marine Iron Works, supra,* 212 F.2d 510, 511.) In an effort to rebut the presumption of prejudice, plaintiff relies on allegations that crew members and longshore personnel are available, the vessel is available and remains unchanged in essential respects, and defendant's agent received a prompt accident report. Plaintiff does not plead the efficacy of crew members and longshore personnel as witnesses. Traditionally, the passage of time dims memories; defendant's inability to examine witnesses closer in time to the accident may be deemed prejudicial in the absence of a contrary showing. Nor does plaintiff plead the sufficiency of physical evidence (in particular, the configuration of the vessel hatch) standing alone. Inspection of the vessel could be useless to defendant without a precise reconstruction of the physical circumstances at the time of plaintiff's injury. Finally, contrary to plaintiff's assertion, receipt of an accident report does not rebut the presumption of prejudice. (See *Ortega* v. *Compagnie Generale Transatlantique, supra,* 258 F.Supp. 430.) Such a report provides notice that an accident has occurred; it does not necessarily alert the owner to the necessity of preparing a defense to a potential claim.

In sum, plaintiff's allegations present no facts of substance which would rebut the presumed prejudice to defendant from the delay. Ac-

cordingly, the trial court properly sustained the demurrer to the second amended complaint.

The order is affirmed.

Lillie, J., and Hanson (Thaxton), J., concurred.