**John YANDELL, Appellant,**

v.

**TRANSOCEAN AIR LINES, a corporation, Appellee.**

**No. 15281.**

United States Court of Appeals Ninth Circuit.

Sept. 18, 1957.

John J. Purchio, Hayward, Cal., J. Adrian Palmquist, Kaiser & O'Neill, Jeremiah F. O'Neill, Jr., Oakland, Cal., for appellant.

Berry, Davis & Channell, Samuel H. Berry, Robert M. Davis and William R. Channell, Oakland, Cal., Herbert Chamberlin, San Francisco, Cal., for appellee.

Before POPE, FEE and HAMLEY, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This proceeding arises from the filing of a complaint on September 16, 1953, in the United States District Court for the Northern District of California, claiming damages for assault and battery. There it was alleged that on or about July 31, 1952, on Wake Island, a possession of the United States, Yandell and Martin Sorenson, who is an employee of Transocean, became involved in an altercation and the latter assaulted Yandell.

Transocean filed an answer containing a denial of most of the allegations of the complaint and the affirmative defense that the suit of Yandell was barred by laches and statute of limitations. Self defense was also pleaded.

The matter was set for trial. At the beginning of the trial, the cause was transferred from the civil to the admiralty side of the court. Transocean then moved for judgment on the pleadings on the ground that the action was barred by the statute of limitations. This motion was taken under advisement and ruling reserved.

The trial seems to have consumed some time, but the record thereof was not brought before this Court.

It was unnecessary to decide jurisdictional questions for the reason that the action must be dismissed whether tried in admiralty or as a civil action. The District Court held as a fact that, if the suit were in admiralty, there must be a dismissal because of the laches of the libelant. In the alternative, it was held that, if this were an action at common law, the statute of limitations had ex-

pired.[1]  True, in considering laches in admiralty, the trial court applied the time of the limitation statute by analogy. Appellant complains that this was done mechanically.  However, appellant offered no explanation for the delay and detailed no circumstances of prejudice, hardship or oppression in virtue of the application.[2]

■  Since no evidence is before this Court, the order appealed from must be affirmed.  The determination was one of fact.

However, the jurisdictional questions are still presented here.  Yandell claims that 28 U.S.C.A. § 1333 and 48 U.S.C.A. § 644a confer jurisdiction on a District Court, sitting in admiralty, anywhere in the United States.  Appellee says the trial court had no jurisdiction, since this was a tort committed on land and the case was not cognizable in admiralty.

■  It cannot be contended successfully that, because 48 U.S.C.A. § 644a contains language which might be stretched to cover the situation, an assault and battery committed on dry land can be fictionalized into an admiralty tort.  Congress has no power to extend the admiralty and maritime jurisdiction of the courts of the United States beyond the concepts solidified at the time of the adoption of the Federal Constitution. While some holdings of the courts, plac-

ing arbitrary limits on such jurisdiction, have been negated by acts of Congress,[3] it cannot be presumed that a tort committed on dry land against and by non-maritime persons can by fiat be placed under admiralty jurisdiction.

■  It must therefore be held that the statute in question, which was a part of the Organic Act of the Territory of Hawaii, set up jurisdiction and procedure for the United States District Court for the District of Hawaii.  If that be so, civil and criminal jurisdiction and procedure in that court are alone stabilized. There was no attempt to enlarge the substantive law of admiralty.[4]  If there were, the attempt would be futile and void.

■  Whether there is an actionable wrong under the statute of which a federal District Court upon the mainland may take cognizance, still the jurisdictional requirements of the statutes as to such courts must be fulfilled.  Such a tribunal would not have jurisdiction sitting in admiralty, as has been noted. Likewise, such a court would not have authority to hear such a cause otherwise, unless there were allegations of diversity of citizenship and appropriate amount in controversy.  Such allegations did not appear in the complaint.

There was no jurisdiction.  The cause is remanded with directions to dismiss.

1. The District Court applied the California statute of limitations, which provides that an action for assault and battery must be commenced within one year. California Code of Civil Procedure § 340 (3).

2. For a discussion of the doctrine of laches and the adoption of the state statute of limitations by analogy, see Wilson v. Northwest Marine Iron Works, 9 Cir., 212 F.2d 510, 511.

3. For a discussion of some of these Acts, see Detroit Trust Co. v. The Thomas Barlum, 293 U.S. 21, 42–52, 55 S.Ct. 31, 79 L.Ed. 176, and United States v. Matson Navigation Co., 9 Cir., 201 F.2d 610.

4. The congressional power to enact legislation providing that the United States District Court for the District of Hawaii have jurisdiction and apply the substantive law of admiralty to occurrences on Wake Island and other Pacific Islands is not an issue in this case.  That this was the purpose of 48 U.S.C.A. § 644a is indicated in the congressional reports accompanying the bill.  It is also clear therefrom that there was no purpose to make such causes triable elsewhere or to extend admiralty and maritime jurisdiction of the District Courts to such occurrences.  See S.Rep. No. 1493, 81st Congress, 2d sess. 2 (1950); H.R.Rep. No. 1280, 81st Congress, 1st sess. 2 (1949); and H.R.Rep. No. 2573, 76th Congress, 3d sess. 1 (1940).