Samuel M. Gold, J.
This is a motion to dismiss on the ground that this court lacks jurisdiction of the subject of the action by virtue of the provisions of section 644a of title 48 of the United States Code.
The action is brought to recover for personal injuries alleged to have been suffered by plaintiffs as the result of a collision of two automobiles on Wake Island.
The United States formally took possession of Wake Island on January 17, 1899. On August 13, 1940, Federal legislation was enacted which gave redress for civil wrongs or torts occurring on Wake Island (54 U. S. Stat. 784). The act was subsequently codified (U. S. Code, tit. 48, § 642a). It extended the jurisdiction of the United States District Court, Territory of Hawaii, to all civil and criminal cases arising on the various islands of the Pacific Ocean, including Wake Island. It provided that all civil acts and deeds occurring on the islands should be deemed to have been consummated on a United States vessel on the high seas and that they be adjudicated and determined according to the laws of the United States relating to such acts on such ships on the high seas, said laws being extended to the islands. The statute also contained a provision that “ The situs for the trial of such civil and criminal cases shall be the situs of the United States District Court, Territory of Hawaii.” Provision was further made for appeals to the Ninth Judicial Circuit Court of Appeals and for the applicability of 1 ‘ the laws of the United States relating to juries and jury trials shall be applicable to the trial of such cases before said district court ”.
*494 When the United States Code was recodified some years later, the foregoing statute was inadvertantly repealed. This error was corrected in 1950, by the enactment of section 644a of title 48 of the United States Code. The sentence above quoted, regarding the 11 situs ’ ’ of the action was, however, omitted from section 644a. Congressional intent was, however, to restate the law as it existed prior to the revision of the United States Code which had resulted in the erroneous repeal of section 642a. Thus, S. R. No. 1493 (81st Cong., 2d Sess.) stated that “ The purpose of the proposed legislation is to restate the law relating to the named islands in the Pacific Ocean as it existed at the time of the revision of title 28 of the United States Code ”. The deletion of the sentence relating to “ situs ” was stated in said Senate Report to be due to the fact that it “ is unnecessary ” in view of the fact that the revised bill “ provides for the jurisdiction of the Territory of Hawaii and states that the court shall be held at Honolulu ’ ’.
It is clear from the foregoing that the omission from the present statute of the earlier provision, that the situs for the trial of civil and criminal cases arising on the specified islands was to be the situs of the United States District Court for the Territory of Hawaii, was not intended to change the former statute, containing that provision, which had been repealed through “ technical error ” (S. R. No. 1493, supra).
Plaintiffs’ attorney maintains, however, that even if the present statute is deemed to include the present sentence relating to situs, this court, nevertheless, has jurisdiction of the present action, because neither the said sentence nor the express language of section 644a, states that the jurisdiction of the Hawaiian District Court is to be exclusive. He points out that in various other situations, the Congress has provided for “ exclusive ” jurisdiction (U. S. Code, tit. 28, § 1344; U. S. Code, tit. 28, § 1333).
In the very recent case of Dowd Box Co. v. Courtney (368 U. S. 502), the United States Supreme Court held that a provision of the Labor-Management Relations Act that suits for violations of collective bargaining agreements ‘ ‘ may be brought in any district court of the United States having jurisdiction of the parties ” does not bar State courts from exercising concurring jurisdiction. The court pointed out (p. 506): “ The statute does not state nor even suggest that such jurisdiction shall be exclusive. It provides that suits of the kind described ‘ may ’ be brought in the federal district courts, not that they must be The Supreme Court emphasized that (pp. 507-508) “ exclusive federal court jurisdiction over cases arising under federal law *495 has been the exception rather than the rule ’ ’, quoting the following language from Claflin v. Houseman (93 U. S. 130). The result of the discussions “ on the bench and in published treatises ’ ’ has been ‘ ‘ to affirm the jurisdiction, where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case ” (citing many decisions of the Supreme Court). In the light of an absence of an express statutory provision that the jurisdiction of the Hawaiian District Court shall be exclusive and the absence of any incompatibility resulting from a holding that State courts have concurrent jurisdiction, this court is of the opinion that section 644a, does no more than provide that any action brought in the Federal courts must have its venue in the Hawaiian District Court.
Since the statute thus relates to venue rather than jurisdiction, the contention that this court is without jurisdiction, must be overruled. It is to be noted, also, that a provision fixing venue may be waived by the parties, being for the convenience of litigants (Neirbo Co. v. Bethlehem Corp., 308 U. S. 165; Ann. Hoiness v. United States, 93 L. ed. 21). In the instant case, the defendants appeared in January and February, 1960, and waited to apply for a dismissal until April, 1962.
Defendants also contend that the action must be dismissed because this court does not possess admiralty jurisdiction. It is true that section 644a provides that civil acts and deeds occurring on Wake Island “ shall be deemed to have been consummated * * * on the high seas on board a merchant vessel * * * belonging to the United States ”. However, in Yandell v. Transocean Air Lines (253 F. 2d 622) the only reported case arising under the section, the Ninth Circuit Court of Appeals said (p. 624): “It cannot be contended * * * that * * * an assault and battery committed on dry land can be fictionalized into an admiralty tort. Congress has no power to extend the admiralty and maritime jurisdiction of the courts of the United States beyond the concepts solidified at the time of the adoption of the Federal Constitution * * * it cannot be presumed that a tort committed on dry land against and by nonmaritime persons can by fiat be placed under admiralty jurisdiction * * * there was no attempt to enlarge the substantive law of admiralty. If there were, the attempt would be futile and void ”. The dismissal in the Yandell case (supra) was only for failure to allege ‘ ‘ diversity of citizenship and appropriate amount in controversy.” (p. 624). The motion to dismiss is accordingly denied.