## Jack CORNELIUS, Plaintiff,

v.

## FACILITIES MANAGEMENT CORPORATION, Defendant.

### Civ. No. 73-3892.

United States District Court, D. Hawaii.

April 26, 1974.

Jerrold M. Bell, Kai, Dodge & Evensen, Honolulu, Hawaii, for plaintiff.

Gerald W. Grimes, Hogan, Rother & Grimes, Honolulu, Hawaii, Everett F. Meiners, Parker, Milliken, Kohlmeier, Clark & O'Hara, Los Angeles, Cal., for defendant.

## DECISION ON DEFENDANT'S MOTION TO DISMISS

PENCE, Chief Judge.

Plaintiff Jack Cornelius alleges breach of an employment contract with Facilities Management Corporation. The contract was signed, partially performed, and allegedly breached on Wake Island. Defendant moves to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction because the amount in controversy is less than $10,000, exclusive of interest and costs.

The motion is denied, because $10,000 is not a jurisdictional prerequisite of this court for cases arising on Wake Island.[1]

The paucity of decisions on jurisdiction over territories and insular possessions of the United States makes this a case of first impression. Jurisdiction of this court is based on 48 U.S.C. § 644a, which provides in pertinent part:

The jurisdiction of the United States District Court for the District

---

1. As an alternative basis for denying the motion, on April 8, 1974, plaintiff orally amended his complaint with leave of court to allege general and consequential damages in excess of $10,000.

of Hawaii is extended to *all* civil . . . cases arising on . . . Wake Island . . . (Emphasis added.)

On its face the statute contemplates that this court shall have jurisdiction over all civil cases arising on Wake Island, and the legislative history of the act does nothing to detract from the inclusive language used by Congress. In 1940, federal legislation was enacted that gave redress for civil wrongs or torts occurring on Wake Island. Act of Aug. 13, 1940, 54 Stat. 784. The Act was codified as 48 U.S.C. § 642a. It extended the jurisdiction of the United States District Court, Territory of Hawaii, to all civil and criminal cases arising on the various islands of the Pacific Ocean, including Wake Island. The report of the House of Representatives that accompanied the Act provided that the bill was to "extend the jurisdiction of the [District Court of Hawaii] to all civil and criminal cases arising on or within the islands above-named and the waters adjacent thereto." H.R.Rep.No.2573, 76th Cong., 3d Sess. 1 (1940).[2]

Upon recodification in 1948 that statute was inadvertently repealed. The enactment of 48 U.S.C. § 644a in 1950 corrected the error. The House Report accompanying the bill said that it restored the previous state of the law that "gave the District Court for the District of Hawaii jurisdiction over all civil as well as criminal cases arising on said islands." 1950 U.S.Code Cong.Serv., p. 2503.

Defendant's position that a suit under 48 U.S.C. § 644a must involve more than $10,000 is untenable. Not only would this construction conflict with the plain language of the statute, but it would also deprive many Wake Island litigants with less than the statutory minimum in controversy of a forum. The Wake Island Code establishes a Wake Island court with jurisdiction over civil cases only "where the amount in controversy is not more than $1000." 32 C.F.R. § 935.64(a) (1973). If this court accepted defendant's argument, many cases arising on Wake Island that involve between $1000 and $10,000 could not be litigated in any court. Only claims against defendants who are subject to service of process in a state might then be actionable,[3] and no court would have jurisdiction over a controversy between two permanent Wake Island residents. This court cannot impute to Congress the creation of such an anomolous scenario.

This decision is not contrary to the two cases cited by defendant in support of his position. Yandell v. Transocean Air Lines, 253 F.2d 622 (9 Cir. 1957), involved a claim for damages for an assault and battery on Wake Island filed in the District Court of the Northern District of California. The court of appeals held that, since the tort was committed on land, the case was not cognizable in admiralty. The court also held that, in view of the absence of allegations of diversity of citizenship and the appropriate amount in controversy, the district court was without jurisdiction. However, the court expressly limited the need for meeting jurisdictional require-

---

2. There was manifest concern with providing a forum for litigation arising on the islands of the Pacific Ocean. In a letter from Charles Edison to the Speaker of the House of Representatives, December 19, 1938, incorporated into the House Report, the Acting Secretary of the Navy stated: .
    It is natural under the circumstances [prospective increase in activities on the Pacific Islands] conflicts involving interests and personnel of the groups above listed will occur from time to time which will require regulations, decision, and control. It is further expected that civil and criminal matters will arise requiring adjudication by a United States court.

3. *See* Jackman v. Asiatic Petroleum Corp., 34 Misc.2d 492, 228 N.Y.S.2d 720 (N.Y. County 1962).

ments to actions filed in district courts other than the district of Hawaii:

> Whether there is an actionable wrong under the statute of which a federal District Court *upon the mainland* may take cognizance, still the jurisdictional requirements of the statutes as to such courts must be fulfilled. *Id.* at 624 (emphasis added).

Jackman v. Asiatic Petroleum Corp., 34 Misc.2d 492, 228 N.Y.S.2d 720 (N.Y. County 1962), was an action to recover for personal injuries allegedly resulting from a collision of two automobiles on Wake Island. The New York supreme court held that, despite the federal statute extending the jurisdiction of the district court of Hawaii to all civil and criminal cases arising on Wake Island, it had jurisdiction of the action. The only question before the New York trial court was whether the district court of Hawaii has exclusive jurisdiction over all cases arising on Wake. The language in the decision that section 644a "does no more than provide that any ac-

tion brought in the Federal courts must have its venue in the Hawaiian District Court" is but ambiguous dicta and can here be given no weight. *Id.* at 723.

This court is not unaware that, on occasion, Congress has been more explicit when granting federal courts jurisdiction over cases arising on its insular possessions. The district courts for the Virgin Islands and for Guam have jurisdiction over all federal question cases "regardless of the sum or value of the matter in controversy." 48 U.S.C. § 1612; 48 U.S.C. § 1424. However, the same statutes also provide that all cases not actionable in the non-federal island courts may be brought in the federal district courts of the Virgin Islands and of Guam.[4]

■ The legislative scheme for the insular possessions is that no litigant be deprived of a forum. It was thus the intent of Congress that cases like the instant one be tried in this district. Although section 644a does not express

---

4. The District Court of the Virgin Islands shall have the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties and laws of the United States, regardless of the sum or value of the matter in controversy. *It shall have general original jurisdiction in all other causes in the Virgin Islands, exclusive jurisdiction over which is not conferred by this chapter, sections 104 and 111 of this title, and section 3350(c) of Title 26 upon the inferior courts of the Virgin Islands.* When it is in the interest of justice to do so the district court may on motion of any party transfer to the district court any action or proceeding brought in an inferior court and the district court shall have jurisdiction to hear and determine such action or proceeding. The district court shall also have appellate jurisdiction to review the judgments and orders of the inferior courts of the Virgin Islands to the extent now or hereafter prescribed by local law. 48 U.S.C. § 1612 (emphasis added).

There is created a court of record to be designated the "District Court of Guam", and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of

Guam. The District Court of Guam shall have the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties, and laws of the United States, regardless of the sum or value of the matter in controversy, *shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it,* and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam. 48 U.S.C. § 1424(a) (emphasis added).

Congress recently eliminated the special jurisdictional grant to the United States District Court for the District of Puerto Rico. Act of June 2, 1970, Pub.L.No.91–272, § 13, 84 Stat. 298, *repealing* 48 U.S.C. § 863. However, Puerto Rico has a highly developed commonwealth court system. *See* 4 Laws of P.R.Ann. §§ 1–551 (1965). Congress thus deemed the additional jurisdictional grant as "superfluous provisions which antedate the full integration of the district court in Puerto Rico into the Federal constitutional judicial system." 1970 U.S.Code Cong. & Admin.News, pp. 3221, 3227.

that intent as perfectly as the other statutes, it should be construed to permit the result Congress sought.

In light of the statute's inclusive language and in the interest of logical judicial administration, this court holds that plaintiffs under 48 U.S.C. § 644a need not establish that the amount in controversy exceed $10,000.

Defendant's motion to dismiss is denied.