Buck Duane **WALKER**,
Petitioner-Appellant,

v.

**UNITED STATES of America**,
Respondent-Appellee.

No. 85–2502.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 1986.[*]

Decided Oct. 14, 1986.

Earle Partington, Honolulu, Hawaii, for petitioner-appellant.

Elliott Enoki, Asst. U.S. Atty., Honolulu, Hawaii, for respondent-appellee.

[*] The panel was unanimously of the opinion that oral argument was not required in this case.

Appeal from the United States District Court for the District of Hawaii.

Before KENNEDY, FARRIS and HALL, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant Walker was convicted, among other offenses, of the interstate transportation of stolen property from Palmyra Island to the state of Hawaii, a violation of 18 U.S.C. § 2314. We affirmed Walker's conviction in *United States v. Walker*, 575 F.2d 209 (9th Cir.), *cert. denied*, 439 U.S. 931, 99 S.Ct. 320, 58 L.Ed.2d 325 (1978). Walker was later indicted for murder, and we rejected his attempt to bar trial under the doctrines of double jeopardy and res judicata. *United States v. Stearns*, 707 F.2d 391 (9th Cir.1983), *cert. denied*, 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984).

The present appeal is from denial of a motion under 28 U.S.C. § 2255 in which Walker makes a collateral attack on his earlier conviction under 18 U.S.C. § 2314. His contention is that Palmyra Island is not a possession of the United States within the meaning of the relevant statutes. We disagree and affirm the district court's denial of his petition.

One of the elements of 18 U.S.C. § 2314 is that the stolen property was transported in "interstate commerce." 18 U.S.C. § 10 defines "interstate commerce" as "commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia." Palmyra Island is a possession of the United States. *See* 48 U.S.C. § 644a (placing Palmyra and seven other American Pacific Islands under the jurisdiction of the District of Hawaii); *United States v. Fullard-Leo*, 331 U.S. 256, 67 S.Ct. 1287, 91 L.Ed. 1474 (1947) (recognizing that Palmyra is under United States sovereignty); *cf. Yandell v. Transocean Air Lines*, 253 F.2d 622, 623 (9th

Fed.R.App.P. 34(a).

Cir.1957) (describing Wake Island, which is also listed in 48 U.S.C. § 644a, as a United States possession). As a result, Walker's transportation of a stolen boat from Palmyra to Hawaii falls squarely within the prohibition of 18 U.S.C. § 2314. There is no reason to suppose that Congress intended a silent exception in the statute where the transportation is in interstate commerce wholly within the confines of a single judicial district. The jurisdictional lines of the district court are irrelevant for purposes of the interpretation and implementation of 18 U.S.C. §§ 10, 2314.

The denial of the petition by the trial court is AFFIRMED.